GUARDIANSHIP OF JOHN EDWARD HURLEY
(and a companion case[1]).

Hampshire.   February 4, 1985. — April 16, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Civil Rights,* Attorney's fees, Availability of remedy. *Guardian. Elections.
Practice, Civil,* Complaint.

The plaintiff in two proceedings seeking a limitation of his guardianship and
   a declaration of his right to vote, was a "prevailing party" for purposes
   of recovering his attorney's fees under 42 U.S.C. § 1988 (1982), even
   though the relief he ultimately obtained was not constitutionally based,
   where the litigation presented a substantial question of law, namely,
   whether a statutory preclusion of persons under limited guardianship
   from voting infringed such persons' constitutional rights, and where the
   plaintiff alleged facts which gave rise to a cause of action under 42
   U.S.C. § 1983 (1982). [558-561]
Discussion of the factors entering into a judge's determination of a reason-
   able attorney's fee under 42 U.S.C. § 1988 (1982). [561-562]

PETITION filed in the Hampshire Division of the Probate and
Family Court Department on August 21, 1980.

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on September 29, 1980.

The cases were consolidated for trial in the Probate and
Family Court Department and were heard by *Sean M. Dunphy,*
J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Arthur H. Goldsmith* for the plaintiff.

*Alexander G. Gray, Jr.,* Assistant Attorney General, for the
Secretary of the Commonwealth & others.

---

[1] John Edward Hurley, by his next friend and guardian, Kathleen Hurley,
*vs.* Assistant Registrar of the Board of Election Commissioners of
Springfield, the Secretary of the Commonwealth, the Attorney General,
and the Probate and Family Court for Hampshire County.

NOLAN, J. The parties seek further appellate review following an Appeals Court order which remanded these actions to the Probate and Family Court "for further proceedings in accordance with the order on file." *Guardianship of Hurley,* 18 Mass. App. Ct. 1110 (1984). That order required the Probate Court to determine a reasonable attorney's fee to be awarded to the plaintiff, John Edward Hurley (Hurley), as a prevailing party under 42 U.S.C. § 1988 (1982). The major thrust of the parties' arguments concerns whether the plaintiff was a "prevailing party" for the purpose of an attorney's fee award pursuant to 42 U.S.C. § 1988.[2] For the reasons set forth below, we are in agreement with the order of the Appeals Court.

We summarize the facts and the somewhat confusing procedural history of these actions. On June 14, 1977, the Probate Court placed John Edward Hurley under the guardianship of his sister, Kathleen Hurley (guardian). On August 21, 1980, the guardian petitioned that court to modify and limit Hurley's guardianship because of improvements in his physical and mental condition. The petition sought a declaration that Hurley "is no longer 'adjudicated incompetent' nor a 'person under guardianship' within the meaning of" art. 3 of Amendments to the Massachusetts Constitution or of G. L. c. 51, § 1. The plaintiff also filed on August 21, 1980, a memorandum of law in support of the petition.[3] The memorandum cited decisions which concerned whether, in certain circumstances, a mentally retarded person may have a constitutional right to vote. The court scheduled a hearing on this petition for September 25, 1980.

---

[2] The plaintiff raises various other arguments that we need not consider. We note, however, that the plaintiff's request for fees pursuant to G. L. c. 12, § 11I, is inappropriate. To prevail under G. L. c. 12, § 11I, an individual must prevail on a claim in which secured rights allegedly were denied by threats, intimidation, or coercion. See *Batchelder* v. *Allied Stores Corp.,* 393 Mass. 819, 822-823 (1985).

[3] The docket initially indicated that this memorandum was filed on September 25, 1980. After the Appeals Court issued its order, a single justice of the Supreme Judicial Court allowed the plaintiff's motion to correct the docket entries thereby reflecting the filing of the memorandum on August 21, 1980. The plaintiff's delay in correcting this entry possibly added to the confusion in this case.

In a letter dated September 9, 1980, the plaintiff's attorney notified the office of the Attorney General that the constitutionality of art. 3 and of G. L. c. 51, § 1, might be at issue in the petition filed with the Probate Court. He enclosed the pleadings, the memorandum, and notice of the hearing. An assistant attorney general informed the assistant register of probate, by a letter dated September 23, 1980, that the Attorney General did not intend to participate in the action because "[t]he question as to whether a particular guardianship should be limited and, if so, to what degree . . . should best be treated as a matter between private parties." The assistant attorney general conveyed the Attorney General's interest in and desire to be informed of the progress of the litigation as it concerned "whether the constitutional and statutory voting exclusion of persons under guardianship applies to persons under limited as well as full guardianships."

The Probate Court judge commenced a hearing on September 25, 1980. The hearing was continued to October 3, 1980. On September 25, 1980, Hurley sought to register to vote before the assistant registrar of the election commissioners of Springfield. The assistant registrar did not permit Hurley to register because Hurley could not truthfully sign an affidavit that he was not under guardianship. See G. L. c. 51, § 36.

On September 29, 1980, Hurley, by his guardian, filed in the Supreme Judicial Court for Suffolk County a complaint "seeking declaratory and injunctive relief to redress the deprivation of and interference with constitutional, civil, and federal statutory rights to vote and participate equally in the electoral process of John Edward Hurley." Hurley sought relief pursuant to 42 U.S.C. §§ 1973 and 1983, and various other State and Federal laws. The complaint contained a prayer for reasonable attorney's fees and costs under 42 U.S.C. § 1988. On October 3, 1980, a single justice, at the defendants' suggestion, ordered this complaint (transferred case) transferred to the Probate Court for consideration with the plaintiff's petition for modification and limitation of the guardianship.

On October 3, 1980, the Probate Court held further hearings on the plaintiff's petition. The plaintiff filed, on the same day, a

motion to amend the petition to incorporate by reference the action filed in the Supreme Judicial Court for Suffolk County.[4] On October 6, 1980, the Probate Court entered an interlocutory order concerning the original probate petition. The judge found that "Hurley is capable of making informed decisions concerning the exercise of his right to vote," and ordered that "Hurley not be deemed to be under guardianship within the meaning of that term as the same is used" in G. L. c. 51, § 1, and art. 3 of the Amendments to the Massachusetts Constitution. Based on this order, Hurley was allowed to register and vote in the 1980 election.

The Probate Court docket does not indicate any action concerning Hurley's guardianship for over five months after October 6, 1980. On March 16, 1981, the court allowed the plaintiff's motion to amend the petition. The court also entered a decree or order[5] on the original petition and the transferred case. The judge recited several findings concerning Hurley's progress including a finding that "Hurley is in fact capable of making informed decisions concerning the exercise of his right to vote." The judge ordered that "Hurley is not deemed to be under guardianship within the meaning of that term as the same is used in [G. L. c. 51, § 1, and art. 3]" and limited the guardianship authority over Hurley's estate. The judge continued the matter for hearings on a proposed guardianship plan to be filed before June 30, 1981. The plaintiff did not appeal this order. The plaintiff contends, however, that he did not receive notice of the March 16, 1981, order. The docket substantiates the plaintiff's contention.

On April 16, 1982, the plaintiff filed a motion for attorney's fees incurred in the petition and the transferred case, requesting $8,989.41, which included compensation for the guardian ad litem. The parties filed various other pleadings in opposition

---

[4] The docket entries indicated that the plaintiff did not file this motion until March 16, 1981. The plaintiff did not request that this error be corrected until after the issuance of the Appeals Court order. The various errors in the docket sheet and the delay in seeking correction may have affected the attorney's fee award in this action. The plaintiff's motion to amend was allowed on March 16, 1981.

[5] The March 16, 1981, document did not contain a label indicating the nature of the decree or order.

to or in support of the request for attorney's fees. On April 14, 1983, the plaintiff filed a supplementary motion for attorney's fees seeking $1,797.50 to compensate for additional time. The motion also requested a "contingency bonus" thereby raising the fee request to a total of $11,866.70.

The judge entered an order on September 30, 1983, denying the plaintiff's motions for attorney's fees and costs. The judge referred to the March 16, 1981, document as the court's "findings of fact and final judgment." The judge determined that the plaintiff did secure modification of the guardianship but did not prevail against the defendants. The plaintiff moved for correction and clarification of the court's September 30, 1983, order. Ruling on that motion, the judge entered a further order on December 8, 1983. That order deleted from the court's March 16, 1981, decree all references to the transferred case; allowed the Attorney General's motion to dismiss the transferred case as moot in view of the October 6, 1980, interlocutory order and the March 16, 1981, decree, both of which limited the guardianship and included an order concerning Hurley's right to vote; and reaffirmed the September 30, 1983, order that the plaintiff was not a prevailing party for purposes of an award of attorney's fees. The plaintiff appealed and filed a motion seeking additional fees. The plaintiff also seeks compensation for attorney's fees incurred on this appeal.

1. *Applicability of 42 U.S.C. § 1988.* The defendants argue that the plaintiff did not prevail in his civil rights suit, the transferred case, and that the petition filed in the Probate Court presented neither a substantial Federal constitutional question nor a State claim based on the same substantial Federal question. We disagree. A prevailing party, for the purposes of a 42 U.S.C. § 1988 fee award, achieves success on a substantial question of law arising out of a common nucleus of facts that give rise to a cause of action under any of the statutes listed in § 1988. *Maher* v. *Gagne*, 448 U.S. 122, 132 & n.15 (1980). A claim presents a substantial question of law "unless 'it is "obviously without merit" or . . . "its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference

that the question sought to be raised can be subject to con-
troversy." ' " *Stratos* v. *Department of Pub. Welfare*, 387 Mass.
312, 318 (1982), quoting *Hagans* v. *Lavine*, 415 U.S. 528,
537 (1974). A complaint need not mention explicitly the under-
lying statute as long as the elements of a cause of action are
pleaded. *Rzeznik* v. *Chief of Police of Southampton*, 374 Mass.
475, 484-485 n.8 (1978). Individuals prevail "for attorney's
fees purposes if they succeed on any significant issue in litiga-
tion which achieves some of the benefit the parties sought in
bringing suit" or "when plaintiff's lawsuit acts as a 'catalyst'
in prompting defendants to take action to meet plaintiff's
claims." *Nadeau* v. *Helgemoe*, 581 F.2d 275, 278-279 (1st
Cir. 1978).[6]

The plaintiff presented the question whether an individual
with sufficient competence to warrant a limited guardianship,
see *Guardianship of Bassett*, 7 Mass. App. Ct. 56, 63 (1979),
can be precluded from exercising his right to vote without
abrogating his constitutional privileges. "[A]ny alleged infringe-
ment of the right of citizens to vote must be carefully and
meticulously scrutinized." *Kramer* v. *Union Free School Dist.*,
395 U.S. 621, 626 (1969), quoting *Reynolds* v. *Sims*, 377
U.S. 533, 562 (1964). In *Boyd* v. *Registrars of Voters of
Belchertown*, 368 Mass. 631, 637 (1975), we implicitly recog-
nized this limitation when we "narrowly construed" the voter
exclusions in art. 3 and G. L. c. 51, § 1. The defendants argue
that our decision in *Boyd*, in conjunction with *Guardianship
of Bassett*, ensured that the Probate Court would grant the
plaintiff's petition to limit the guardianship and declare his
right to vote. Although this result may have been probable,
prior decisions did not " 'foreclose the subject and leave no
room for the inference that the question sought to be raised [could]
be the subject of controversy.' " *Stratos, supra* at 318. We con-
clude that the plaintiff did present a substantial question of law.

The facts in these actions concerned whether Hurley was
sufficiently competent to warrant a limited guardianship. If

---

[6] "*Nadeau's* two tests are separate and distinct; satisfying either of them
is sufficient to qualify a party as 'prevailing.' " *Coalition for Basic Human
Needs* v. *King*, 691 F.2d 597, 599 (1st Cir. 1982).

so, any derogation of his right to vote under art. 3 and G. L. c. 51, § 1, may have deprived him under color of law of secured rights. 42 U.S.C. § 1983. Such a claim would not be precluded by Hurley's ability to obtain relief through limitation of the guardianship and a declaration that he was not subject to art. 3 and G. L. c. 51, § 1. *Stratos, supra* at 317. Therefore, the plaintiff presented a substantial question of law that arose from a common nucleus of facts that gave rise to a cause of action under 42 U.S.C. § 1983.

We next determine whether the plaintiff sufficiently alleged the elements of a 42 U.S.C. § 1983 claim. See *Rzeznik, supra.* The petition to limit the guardianship did not allege the elements of a § 1983 action. The only indication that the plaintiff raised constitutional issues by the petition appears in the memorandum of law which accompanied the petition. Such a memorandum, however, is not a pleading and would not result in a proper allegation of the elements of a § 1983 claim. See *Ryan* v. *Eli Lilly & Co.*, 514 F. Supp. 1004, 1019 (D.S.C. 1981). The plaintiff also filed a complaint which clearly alleged a claim under 42 U.S.C. § 1983. A single justice transferred that complaint to the Probate Court at the defendants' suggestion. The Probate Court allowed the plaintiff to amend his petition to incorporate this transferred case by reference. Such an amendment, which states an additional cause of action arising from the same underlying facts, is proper. Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974). See *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 333 (1982). We conclude that the amended petition properly alleged the elements of a claim under § 1983.

The defendants' argument that the plaintiff did not prevail on a claim within the meaning of 42 U.S.C. § 1988 does not persuade us. The petition sought a determination that Hurley was sufficiently competent to warrant the limitation of the guardianship and a declaration of his right to vote. The court could have declared that an individual sufficiently competent to warrant a limited guardianship either was not subject to the voting exclusion in art. 3 and G. L. c. 51, § 1, or that the exclusion was unconstitutional as applied to such an individual. "[T]hat the relief achieved by the plaintiff[ ] was granted on

statutory rather than constitutional grounds is no bar to [a] claim for fees under § 1988." *Draper* v. *Town Clerk of Greenfield*, 384 Mass. 444, 454 (1981) cert. denied sub nom. *Draper* v. *Prescott*, 456 U.S. 947 (1982). See *Stock* v. *Massachusetts Hosp. School, ante* 437 (1985). The Probate Court dismissed the transferred case as moot. To the extent the court's action concerned the prayer for declaratory relief, dismissal was proper because no actual controversy existed concerning Hurley's right to vote. As the Appeals Court noted, the Probate Court improperly dismissed that portion of the transferred case which requested attorney's fees. See *Coalition for Basic Human Needs* v. *King*, 691 F.2d 597, 601-602 (1st Cir. 1982) (individual may recover attorney's fees even if controversy is moot). We conclude that the plaintiff was a "prevailing party" for purposes of an attorney's fee award pursuant to 42 U.S.C. § 1988.

2. *Calculation of a reasonable attorney's fee.* In *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 320-325 (1982), we fully explained the factors to be applied in determining a reasonable attorney's fee award. We, therefore, limit our discussion to the applicability of certain factors peculiar to this case. The other factors discussed in the *Stratos* case are also applicable to a fee determination for the plaintiff.

The initial petition sought a limitation of Hurley's guardianship. The Appeals Court's order noted "that substantial time was expended by [plaintiff's counsel] prior to October 6, 1980 [the date of the interlocutory order], in determining whether Hurley in fact had made enough physical and mental progress so that limitations could be placed on his guardianship and on the authority of his guardian." In determining whether these hours are compensable, the Probate Court must consider to what degree this time was related to the § 1983 claim, "focus[ing] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley* v. *Eckerhart*, 461 U.S. 424, 435 (1983). The court also must examine the time expended for the preparation of the complaint in the transferred case. Counsel apparently filed that action in an attempt, which may have

been overcautious, to ensure that Hurley could vote in the 1980 election. The court should determine to what extent preparation of the transferred case was a necessary and reasonable litigation expense. This determination should take into account any appraisal that counsel received from the Probate Court which indicated the likelihood of his timely success on the petition. The court should also consider the likelihood of success on the petition based on *Boyd* v. *Registrars of Voters of Belchertown,* 368 Mass. 631 (1975), and *Guardianship of Bassett,* 7 Mass. App. Ct. 56 (1979).

The plaintiff is also entitled to a reasonable attorney's fee for time spent in establishing a fee and time spent on appeal of the fee. *Stratos, supra* at 325. The Probate Court must apply the factors expressed in the *Stratos* case to determine the reasonableness of such a fee. Additionally, the court should take into account the extent to which the plaintiff's delay in moving to correct docket entries affected the course of this litigation. The court should consider to what degree, if any, such delay was excusable. The plaintiff's right to a contingency bonus is subsumed in the factors used to determine a reasonable fee. Compare *Stratos, supra* at 321 with *King* v. *Greenblatt,* 560 F.2d 1024, 1026 (1st Cir. 1977), cert. denied, 438 U.S. 916 (1978). See *Lamphere* v. *Brown Univ.,* 610 F.2d 46, 47 (1st Cir. 1979).

For the reasons stated, we remand this action to the Probate Court with instructions to determine a reasonable attorney's fee in a manner consistent with this opinion.

*So ordered.*