MICHAEL BRUNELLE & others[1] *vs.* LYNN PUBLIC SCHOOLS.

Essex. November 6, 2000. - January 11, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & SOSMAN, JJ.

*Civil Rights,* Attorney's fees, Coercion. *Education,* Home education. *Parent and Child,* Education.

Plaintiffs who prevailed on their claims against a school committee for violation of their rights under G. L. c. 76, § 1, by reason of the committee's refusal, without a home visit, to approve the plaintiffs' home schooling plan, did not thereby "prevail" on a claim under G. L. c. 12, § 11I, for purposes of an award of attorney's fees, where there was no evidence that the school committee coerced, threatened, or intimidated the plaintiffs in the exercise of their rights. [181-184]

CIVIL ACTION commenced in the Superior Court Department on June 6, 1995.

Following review by this court, 428 Mass. 512 (1998), a motion for attorney's fees was heard by *Nancy S. Merrick*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Michael P. Farris*, of the District of Columbia (*Robert G. Caprera* with him) for the plaintiffs.

*John C. Mihos* for the defendant.

*Thomas F. Reilly*, Attorney General, & *Amy Spector*, Assistant Attorney General, for the Commonwealth, amicus curiae, submitted a brief.

IRELAND, J. The plaintiffs, the Brunelles and Pustells, are parents who oversee the home education of their school-aged children. After prevailing in *Brunelle* v. *Lynn Pub. Schs.*, 428 Mass. 512 (1998) (*Brunelle I*), where we declared that the plaintiffs' right to educate their children at home could not be conditioned on evaluative home visits by school officials, the plaintiffs filed a motion for attorney's fees. A judge in the

[1]His wife, Virginia Brunelle, and Stephen and Lois J. Pustell, who are husband and wife.

Superior Court denied their motion, and they appealed. We granted the plaintiffs' application for direct appellate review. Because we conclude that the plaintiffs are not entitled to attorney's fees, we affirm the Superior Court judge's order.

1. *Facts and procedural history.* The underlying facts giving rise to this claim are set forth in *Brunelle I.* We summarize them here. The plaintiffs notified Lynn school officials of their intention to educate their children at home. As part of their examination of the submitted home education proposals, the school committee, acting on behalf of the school department, required the parents to allow "the Superintendent (or designee, i.e., the Principal) to periodically . . . observe and evaluate the instructional process and to verify that the Home Instruction Plan is being implemented as authorized by the Committee." *Brunelle I, supra* at 513. The plaintiffs refused to submit to these observations and evaluations in their homes. Consequently, the school committee disapproved both the Pustells' and the Brunelles' home education plans[2] and, shortly thereafter, initiated a criminal complaint against the Brunelles in the Lynn Division of the District Court Department, pursuant to G. L. c. 76, §§ 2 (failure to cause child to attend school) and 4 (inducing absence of minors). A similar complaint was not filed against the Pustells, whose 1994-1995 home instruction plan was approved by the school committee in order to permit the Pustells to home school their children until the litigation was resolved. Subsequently, the criminal case against the Brunelles was removed from the Juvenile Court's docket, pending resolution of these issues through a complaint for a declaratory judgment that was filed by the Brunelles and the Pustells in June, 1995. In this declaratory action, the plaintiffs asserted that the home visit requirement deprived them of their statutory rights under

[2]In response to the school committee's rejection of their home education plan, the Pustells filed an action in the United States District Court for the District of Massachusetts challenging the home visit requirement on Federal constitutional grounds. The District Court's decision upholding the home visit requirement was appealed, and the United States Court of Appeals for the First Circuit held that the Federal courts "should abstain from deciding the Federal constitutional issues until the State courts had determined whether the home visit requirement was valid under State law." *Brunelle* v. *Lynn Pub. Schs.*, 428 Mass. 512, 513 n.3 (1998), citing *Pustell* v. *Lynn Pub. Schs.*, 18 F.3d 50, 53-55 (1st Cir. 1994).

G. L. c. 76, § 1,[3] and certain provisions of the Massachusetts Constitution. On cross motions for summary judgment, the judge ruled in favor of the defendant, and found that the home visit requirement was valid. On appeal, we vacated the judgment and ordered that a new judgment be entered "declaring that the school committee of Lynn and other school officials cannot, in the absence of consent, require home visits, as a condition to the approval of the plaintiffs' home educational plans." *Brunelle I, supra* at 519.

In March, 1999, the plaintiffs, pursuant to the Massachusetts Civil Rights Act, G. L. c. 12, § 11I (Act), filed a motion for attorney's fees in the amount of $29,215, which was denied. The sole question before us concerns the correctness of the order denying the plaintiffs' motion. We conclude the order was proper because the plaintiffs have not prevailed on a claim under G. L. c. 12, § 11I.[4]

2. *Discussion.* "[A] party prevails under G. L. c. 12, § 11I when he or she achieves success on a substantial question of law arising out of a common nucleus of facts that gives rise to a

---

[3]General Laws c. 76, § 1, mandates compulsory attendance in a public day school or some other approved day school by children within certain specified age groups, but states that "such attendance shall not be required . . . of a child who is being otherwise instructed in a manner approved in advance by the superintendent or the school committee."

[4]The defendant's alternative argument that the plaintiffs did not prevail on constitutional grounds is without merit. The fact that we found that the defendant deprived the plaintiffs of their rights under G. L. c. 76, § 1, and not under the Massachusetts Constitution, *Brunelle I, supra* at 519 ("[b]ecause our decision rests on G. L. c. 76, § 1, . . . there is no need to consider the several arguments made by the plaintiffs under the Massachusetts Constitution"), does not hinder the plaintiffs' ability to recover attorney's fees. See G. L. c. 12, §§ 11H, 11I (provides remedy for interference with "rights secured by the constitution *or laws* of the Commonwealth" [emphasis added]). *Redgrave* v. *Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 98 (1987) (Act "provides a State remedy for interference or attempts to interfere with the exercise or enjoyment of rights secured by the . . . Constitution *or laws* of the Commonwealth" [emphasis added]).

The defendant also asserts that the plaintiffs' claim for attorney's fees fails because the plaintiffs' complaint did not raise a claim under G. L. c. 12, § 11I. Although the plaintiffs arguably alleged a § 11I claim under the standard set forth in *Guardianship of Hurley*, 394 Mass. 554, 559 (1985) (with respect to Federal attorney's fee provision in 42 U.S.C. § 1988, "[a] complaint need not mention explicitly the underlying statute as long as the elements of a cause of action are pleaded"), their claim nonetheless fails for the reasons set forth below.

cause of action under the statute." *Batchelder* v. *Allied Stores Corp.*, 393 Mass. 819, 822 (1985). "A claim presents a substantial question of law 'unless "it is 'obviously without merit' or . . . 'its unsoundness so clearly results.from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be subject to controversy.' " ' " *Guardianship of Hurley*, 394 Mass. 554, 558-559 (1985), quoting *Stratos* v. *Department of Pub. Welfare*, 387 Mass. 312, 318 (1982). It is clear that the plaintiffs prevailed on a substantial question of law. *Brunelle I, supra* at 519. Thus, we turn to whether the plaintiffs satisfied the elements of a G. L. c. 12, § 11I, claim. See *Batchelder* v. *Allied Stores Corp., supra*; *Guardianship of Hurley, supra.*

"Not every violation of law is a violation of the [Act]." *Longval* v. *Commissioner of Correction*, 404 Mass. 325, 333 (1989). Although, as the plaintiffs assert, the Act "is remedial [in nature and,] as such, it is entitled to liberal construction of its terms," *Batchelder* v. *Allied Stores Corp., supra*, it is equally true that "the Legislature did not intend [the Act] to create 'a vast constitutional tort.' " *Bally* v. *Northeastern Univ.*, 403 Mass. 713, 718 (1989), quoting *Bell* v. *Mazza*, 394 Mass. 176, 182-183 (1985). Consequently, to establish a claim under the Act, "the plaintiffs must prove that (1) their exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats, intimidation or coercion.' " *Swanset Dev. Corp.* v. *Taunton*, 423 Mass. 390, 395 (1996), quoting *Freeman* v. *Planning Bd. of W. Boylston*, 419 Mass. 548, 564, cert. denied, 516 U.S. 931 (1995). See *id.* at 565-566 (Legislature's insertion of "requirement of threats, intimidation or coercion was specifically intended to limit liability under the Act"); *Bell* v. *Mazza, supra* at 182 ("Legislature explicitly limited this remedy to situations where the derogation of secured rights occurs by 'threats, intimidation or coercion' "); G. L. c. 12, § 11I.

The school committee's refusal to approve the plaintiffs' home schooling plan clearly interfered with their right to educate their children at home, as secured by G. L. c. 76, § 1. *Brunelle I, supra* at 519. Thus, the pivotal issue in this case is whether this interference was effected "by threats, intimidation or

coercion." *Swanset Dev. Corp.* v. *Taunton, supra* at 396. The plaintiffs assert that the "criminal prosecution of the Brunelles" by the school committee, i.e., the initiation of a criminal complaint, constituted "intimidation or coercion."[5] We disagree.

The plaintiffs correctly assert that the statute's coercion requirement is satisfied "where the *natural effect* of the defendant's actions [is] to coerce [the plaintiffs] in the exercise of [their] rights" (emphasis added). *Redgrave* v. *Boston Symphony Orchestra, Inc.,* 399 Mass. 93, 100 (1987). Here, however, the school committee's actions had no such "natural effect."

First, it is undisputed that, notwithstanding the school committee's initiation of the charges against the Brunelles, the plaintiffs continued to educate their children at home during the pendency of the action, free from intrusive visits from agents of the Lynn school department. Contrast *Batchelder* v. *Allied Stores Corp., supra* at 823 (plaintiff ceased soliciting and distributing political handbills after being ordered to do so by security guard). Additionally, by agreement of the parties, the action was removed from the Juvenile Court's docket, pending resolution of the issues through the plaintiffs' civil action for declaratory judgment. Thus, this complaint could not, and did not, have an impact on the plaintiffs in the exercise of their right to educate their children at home.

This defendant did not utilize physical force to interfere with the plaintiffs' right to educate their children at home. Contrast *Planned Parenthood League of Mass., Inc.* v. *Blake,* 417 Mass. 467, 473, 475, cert. denied, 513 U.S. 868 (1994) (defendants' "physical confrontations accompanied by threats of harm," including trespassing and intentionally using their bodies or bicycle locks to "prevent others physically from entering, leaving or using medical facilities to obtain abortions to which they were constitutionally and lawfully entitled," amounted to "threats, intimidation, and coercion"); *Bell* v. *Mazza, supra* at 179, 183 (allegation of physical threat and threat to do "anything," "at any cost," to prevent plaintiffs from exercising their rights constituted sufficient threats, intimidation, or coercion to survive motion to dismiss for failure to state a claim).

---

[5]Given that the school committee did not initiate a similar action against the Pustells, it is unclear how the plaintiffs can plausibly argue that the Pustells' rights were also interfered with by "coercion or intimidation." In light of our conclusion in this case, we need not resolve the issue.

Nor did the defendant employ an unwarranted "heavy-handed use of police power." *Reproductive Rights Network* v. *President of the Univ. of Mass.*, 45 Mass. App. Ct. 495, 508 (1998). Contrast *Batchelder, supra* at 823 (finding "sufficient intimidation or coercion" where private security guard ordered plaintiff to stop exercising his right to ballot access); *Reproductive Rights Network* v. *President of the Univ. of Mass., supra* at 507 (intimidation found where seventeen uniformed police officers prevented plaintiffs from exercising their rights).

Finally, the repercussions faced by the plaintiffs under the charges were de minimis,[6] and thus did not serve to coerce, threaten, or intimidate them.[7]

Thus, the "natural effect" of these factors taken together was not to intimidate or coerce the plaintiffs in the exercise of their right to educate their children at home. *Redgrave* v. *Boston Symphony Orchestra, Inc., supra* at 100. Given the lack of coercion, threats, or intimidation in this case, the plaintiffs did not satisfy the elements of a G. L. c. 12, § 11I, claim, and therefore, their claim for attorney's fees must fail. The order of the Superior Court judge is affirmed.

*So ordered.*

---

[6]Under G. L. c. 76, § 2, the maximum penalty is a fine of twenty dollars. Under G. L. c. 76, § 4, the maximum penalty is a fine of two hundred dollars. Neither provision includes incarceration.

[7]We also note that G. L. c. 76, § 1, charges school committees with ensuring that all children residing within their jurisdiction attend school. Thus, despite its criminal nature, the initiation of the charges under G. L. c. 76, §§ 2 and 4, could arguably be characterized as an administrative action taken by the school committee in order to comply with its statutory obligation. "An administrative action, unrelated to a scheme of harassment, 'does not rise to the level of threats, intimidation or coercion.' " *Reproductive Rights Network* v. *President of the Univ. of Mass.*, 45 Mass. App. Ct. 495, 509 (1998), quoting *Murphy* v. *Duxbury*, 40 Mass. App. Ct. 513, 518 (1996). Since the plaintiffs offer no evidence of "animus" against them by the defendant, a "scheme of harassment" has not been established in this case. *Id.* However, given the dearth of evidence of threats, intimidation, or coercion in this case, we need not resolve the issue whether the charges were administrative or not.