DONALD P. BATCHELDER vs. ALLIED STORES CORPORATION
& another.[1]

Essex.  October 1, 1984. — February 4, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Civil Rights,* Attorney's fees.  *Words,* "Prevail."

A candidate for public office who, in a civil action based upon art. 9 of the
Massachusetts Declaration of Rights, recovered a judgment declaring
his right to solicit nominating signatures within the common areas of a
certain shopping mall, was entitled to recover his attorneys' fees under
G. L. c. 12, § 11I. [820-823]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on March 31, 1980.

Following transfer to the Superior Court Department, and
review reported in 388 Mass. 83 (1983), a motion for attorneys'
fees was heard in the Superior Court Department by *Robert
A. Mulligan, J.*

The Supreme Judicial Court granted a request for direct
appellate review.

*Roderick MacLeish, Jr. (David E. Kelley* with him) for the
plaintiff.

*Peter J. Arvanites* for the defendants.

NOLAN, J. The plaintiff, Donald P. Batchelder, appeals from
the Superior Court judge's denial of his motion for attorneys'
fees. In *Batchelder* v. *Allied Stores Int'l, Inc.,* 388 Mass. 83
(1983) (*Batchelder I*), we ordered the Superior Court to enter
judgment declaratory of Batchelder's right under art. 9 of the
Declaration of Rights of the Constitution of the Commonwealth
to solicit nominating signatures "in a reasonable and unobtru-
sive manner" at the North Shore Shopping Center (North Shore).

[1] All-Stores Realty Corporation. The defendants are said to be doing
business as the North Shore Shopping Center.

*Batchelder I, supra* at 84, 93. After entry of judgment, the plaintiff moved for an award of attorneys' fees pursuant to G. L. c. 12, § 11I.[2] A Superior Court judge denied this motion, stating that our holding only declared Batchelder's rights under art. 9, and that therefore he did not prevail under G. L. c. 12, § 11I. We allowed the plaintiff's application for direct appellate review. For the reasons stated below, we remand this matter to the Superior Court for assessment of reasonable attorneys' fees.

We briefly state the factual underpinning of *Batchelder I*. In March, 1980, at North Shore, Batchelder solicited signatures and distributed materials in support of his nomination as a candidate of the Citizens' party in the Sixth Congressional District and in support of that party's presidential candidate. Within the first half hour of this solicitation, a North Shore security guard informed Batchelder that North Shore prohibited the solicitation of signatures and the distribution of political circulars at the shopping center. Batchelder objected but left the premises. Batchelder filed a complaint in Superior Court asserting a right to solicit signatures in support of his right to ballot access under arts. 9 and 16 of the Declaration of Rights and under G. L. c. 12, § 11I. The judge rejected Batchelder's claims and ordered entry of judgment for North Shore. We vacated the Superior Court's action in *Batchelder I*.

Batchelder's right to attorneys' fees is determined by our interpretation of G. L. c. 12, § 11I. General Laws c. 12, §§ 11H

---

[2] This statute authorizes a private cause of action for deprivation of secured rights and an award of attorneys' fees for the prevailing party.

General Laws c. 12, § 11I, inserted by St. 1979, c. 801, § 1, provides: "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court."

and 11I, comprise the Massachusetts civil rights legislation. Before enactment, these sections were part of 1979 House Bill No. 3135, "An Act for the protection of the civil rights of persons in the commonwealth." It was enacted as St. 1979, c. 801. The Legislature passed this statute to respond to a need for civil rights protection under State law.[3] Deprivations of secured rights by private individuals using violence or threats of violence were prevalent at the time that the Legislature considered G. L. c. 12, §§ 11H and 11I. See Boston City Council Resolution of November 14, 1979, endorsing House Bill No. 3135 noting "serious problem of racial harassment." Aggrieved parties often could not succeed under 42 U.S.C. § 1983 (Supp. V 1981), because the Federal statute requires "State action." See Williams v. Hot Shoppes, Inc., 293 F.2d 835, 836, 837 (D.C. Cir. 1961), cert. denied, 370 U.S. 925 (1962). Criminal prosecutions under State law were also unsatisfactory; convictions were difficult and the victim was not compensated for the harm. Therefore, the Attorney General proposed House Bill No. 3135 to provide enhanced protection of civil rights. The statute encompassed private action where otherwise "State action" would be required. Compare "Whenever any person or persons, whether or not acting under color of law . . . ," G. L. c. 12, § 11H, with "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . . ," 42 U.S.C. § 1983 (Supp. V 1981).

Section 11I authorizes a private cause of action for violations of G. L. c. 12, § 11H. It is similar to 42 U.S.C. § 1988 to the extent that both statutes use the term "prevail" to determine a parties' right to attorneys' fees. Compare G. L. c. 12, § 11I, with 42 U.S.C. § 1988 (Supp. V. 1981). The Legislature is

---

[3] Our sources of this bill's legislative history are the Governor's legislative file on 1979 House Bill No. 3135, Chapter 801 of the Acts of 1979, in the State Archives. This file contains the history of 1979 House Bill No. 3135's enactment process and various statements concerning the nature and effect of the proposed law. As such, the file is "an instructive source, indicative of what meaning the legislature intended." 2A C. Sands, Sutherland Statutory Construction § 48.04, at 300 (4th ed. 1984).

presumed to have been aware of the use and meaning of this term in the Federal statute. 2A Sutherland, *supra* § 51.06. We conclude that the Legislature intended "prevail" to have the same meaning as it does in 42 U.S.C. § 1988 (Supp. V 1981). *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 611 (1980). Therefore a party prevails under G. L. c. 12, § 11I when he or she achieves success on a substantial question of law arising out of a common nucleus of facts that gives rise to a cause of action under the statute. See *Maher* v. *Gagne,* 448 U.S. 122, 132 (1980). This result enhances the statutory goal of encouraging private enforcement of civil rights violations. See, e.g., *Simon* v. *Solomon,* 385 Mass. 91, 112 (1982) (where damages are recoverable under the statute but awarded under a different theory the statutory attorneys' fee award was appropriate).

Interpretation of "prevail" in G. L. c. 12, § 11I, is not dispositive of Batchelder's entitlement to attorneys' fees. We must determine whether his art. 9 claim presented a substantial question of law arising out of a common nucleus of facts which would support a claim under G. L. c. 12, § 11I. Our decision in *Batchelder I* indicates that the question of law presented was "one of substantial public interest . . . ." *Batchelder I, supra* at 86. Therefore, we need only determine whether the art. 9 claim was substantially equivalent to the G. L. c. 12, § 11I, claim and thus arose out of a common nucleus of facts.

The Massachusetts civil rights law, G. L. c. 12, §§ 11H and 11I, like other civil rights statutes, is remedial. As such, it is entitled to liberal construction of its terms. 3 C. Sands, Sutherland Statutory Construction § 72.05, at 392 (4th ed. 1974). "The rule for the construction of remedial statutes is that cases within the reason, though not within the letter, of a statute shall be embraced by its provisions . . . ." 2A Sutherland, *supra* § 54.04, at 570 (quoting *Traudt* v. *Hagerman,* 27 Ind. App. 150 [1901]).

The Legislature enacted G. L. c. 12, §§ 11H and 11I, to provide a State remedy for deprivations of civil rights. The statute extended beyond the limits of its Federal counterpart by incorporating private action within its bounds. We conclude that the Legislature intended to provide a remedy under G. L.

c. 12, § 11I, coextensive with 42 U.S.C. § 1983 (Supp. V 1981), except that the Federal statute requires State action whereas its State counterpart does not. The language requiring interference "by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion . . ." is addressed to this private action. G. L. c. 12, § 11H, as amended by St. 1982, c. 634, § 4.

A uniformed security officer ordered Batchelder to stop soliciting and distributing his political handbills. Though Batchelder objected, he complied. This was sufficient intimidation or coercion to satisfy the statute. This interpretation is consistent with the liberal construction which should be afforded civil rights statutes and provides the State remedy for civil right violations that the Legislature sought. In *Batchelder I,* we determined that "art. 9 is not by its terms directed only against governmental action. There is, thus, no 'State action' requirement expressed in art. 9 . . . ." *Batchelder I, suprà* at 88. Therefore, in these limited circumstances, under art. 9 where State action is not required for a party to prevail on an assertion of the underlying civil rights violation, the security guard's action was sufficient intimidation or coercion under G. L. c. 12, § 11I. Batchelder has prevailed on a claim substantially equivalent to his claim under G. L. c. 12, § 11I, and therefore he is entitled to attorneys' fees. We vacate the order denying the plaintiff's motion and remand this case to the Superior Court for a determination of reasonable attorneys' fees.

*So ordered.*