**Linda COURVILLE, as mother and next friend of Richard Ypina, Plaintiff,**

v.

**TOWN OF BARRE, MASSACHUSETTS and Michael Ryder, Defendants.**

Civ. A. No. 92–40023–GN.

United States District Court, D. Massachusetts.

April 16, 1993.

---

James N. Ellis, Jr., Ellis & Ellis, Worcester, MA, Robert LeRoux Hernandez, Law Offices of Robert L. Hernandez, Malden, MA, for plaintiff.

Leonard H. Kesten, Morrison, Mahoney & Miller, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Linda Courville ("Courville") commenced this action for damages on behalf of her minor son, Richard Ypina ("Ypina"), against the Town of Barre, Massachusetts (the "Town") and the Town's Chief of Police, Michael Ryder ("Ryder"), alleging a violation of Ypina's civil rights, under federal and Massachusetts law, and related state law claims. The claims against the Town were dismissed by stipulation of the parties on March 18, 1993. Pending before the Court is plaintiff's Motion for Partial Summary Judgment on the issue of liability with respect to counts I, II and IV of the Complaint. Counts I and II charge that Ryder, through the use of excessive force, violated Ypina's civil rights under 42 U.S.C. § 1983 and M.G.L. c. 12, § 11I respectively, and count IV alleges that Ryder committed an assault and battery on Ypina.[1]

## I. BACKGROUND

As required in considering a motion for summary judgment, the Court reviews the facts in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griggs–Ryan v. Smith*, 904 F.2d 112, 114–115 (1st Cir.1990). On March 5, 1990, Ryder was travelling westbound on Main Street in South Barre in his marked police cruiser, when he observed a motorcycle drive out of a parking lot through a stop sign at the intersection of Main Street and North Brookfield Road. Ypina, age thirteen at the time, was the

---

1. Plaintiff's remaining claims are for false imprisonment, intentional infliction of emotional distress, and denial of equal rights under the law pursuant to M.G.L. c. 93, § 102.

driver of the motorcycle and Michael Willard was a passenger. Ryder followed the motorcycle as it travelled down North Brookfield Road and turned onto Airport Road, a private way covered with ice. When Ryder saw that the motorcycle was weaving back and forth and having trouble with traction, he used the cruiser's public address system to order Ypina to stop the motorcycle.

After Ypina complied with the order, Ryder approached the two youths and asked Ypina for his license. Ypina responded that he did not have a license. Upon further questioning, Ypina stated that he was from Hardwick, whereupon Ryder informed him that while it might be acceptable behavior to operate an unregistered vehicle without a license in Hardwick, it certainly was not acceptable in Barre. Ryder then placed Ypina's right hand in a handcuff. At that point, Ypina, with his right hand toward Ryder, turned to face him. Ryder thereupon slapped Ypina in the face with his right hand, saying "Don't even think about it."

Shortly after being struck, Ypina's nose began to bleed. Ryder noticed the bleeding after placing Ypina in the cruiser and wiped the blood from boy's nose. Further discussions revealed that Ypina and Ryder's son were classmates. Upon learning of Ypina's young age, Ryder stated that it would never be his intention to arrest someone so young and that Ypina would not be charged.

Later that day, Ryder drove Ypina home from the Barre police station and informed Courville that he had slapped her son and that she had every right to petition the Board of Selectmen for a complaint or the Clerk–Magistrate at Worcester District Court for an assault and battery charge.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be rendered where the pleadings, discovery on file, and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court, in deciding plaintiff's Motion, "must view the entire record in the light most hospitable" to Ryder "indulging all reasonable inferences in [his] favor." *Griggs–Ryan*, 904 F.2d at 115.

Ryder has not opposed plaintiff's Motion with respect to the assault and battery count. In fact, at a pre-trial conference, counsel for Ryder indicated that it is his client's position that he committed an assault and battery on Ypina, but that his actions did not rise to the level of a constitutional violation.

### A.  42 U.S.C. § 1983.

Where, as here, a person contends that a law enforcement officer used excessive force in the context of an arrest or investigatory stop, the claim is analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 394–395, 109 S.Ct. 1865, 1870–1871, 104 L.Ed.2d 443 (1989); *Dean v. City of Worcester*, 924 F.2d 364, 367 (1st Cir.1991). That standard "balances the public interest in effective law enforcement against the intrusiveness of the challenged police action in light of all the circumstances disclosed by the evidence." *Dean*, 924 F.2d at 367.

It is bedrock law that, in making an arrest or an investigatory stop, a police officer possesses the right to employ "some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396, 109 S.Ct. at 1871. Furthermore, " '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' ... violates the Fourth Amendment." *Id.* at 396, 109 S.Ct. at 1872 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). The amount of force used, however, must be reasonable. With respect to the reasonableness standard, the Supreme Court has stated:

Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 [99 S.Ct. 1861, 1884, 60 L.Ed.2d 447] (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to

the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1871.

Notwithstanding the arguments of Ryder to the contrary, the reasonableness analysis takes no account of the officer's subjective intentions. *Id.* at 399, 109 S.Ct. at 1873 ("[S]ubjective concepts like 'malice' and 'sadism' have no proper place in [a Fourth Amendment reasonableness] inquiry.").

■ Applying all three of the factors set forth by the Supreme Court in *Graham* to the present action, the Court concludes that no reasonable jury could find that Ryder's actions were reasonable. Although the offense for which Ypina was arrested, operating a motor vehicle on a public way without a license, is considered a crime under M.G.L. c. 90, § 21, it is not a particularly heinous transgression. Moreover, Ryder has not contended that Ypina attempted to flee to avoid arrest or that Ypina posed an immediate threat to him. To the contrary, Ryder admits he has no idea why he struck Ypina. At his deposition, in response to the question "Sir, at the time you slapped him across the face, what was your purpose?" Ryder stated "I wish I knew."

Ryder argues that the seriousness of the injury should be considered in attempting to determine the reasonableness of his actions. *See Johnson v. Morel,* 876 F.2d 477, 480 (5th Cir.1989) *(per curiam ).*[2]  *Contra Lester v. City of Chicago,* 830 F.2d 706, 712 (7th Cir. 1987).[3] In the context of a Fourth Amendment reasonableness analysis, the First Circuit has considered the extent of injuries suffered by a claimant in relation to the severity of the crime for which the arrest is being made. *See Dean,* 924 F.2d at 369 (minor scratches and cuts did not raise an inference that officers used inordinate force to arrest one whom the officers reasonably believed to be an armed felon on a busy street). In the present case, however, the level of the criminal infraction is so low that the extent of Ypina's injuries does not bear on the issue of liability. *Cf. Gray v. Spillman,* 925 F.2d 90, 93 (4th Cir.1991).[4]

In sum, the Court concludes that, under the totality of the circumstances, Ryder's conduct was unreasonable as a matter of law. Therefore with respect to the 42 U.S.C. § 1983 claim, plaintiff's Motion for Partial Summary Judgment will be allowed.

### B. Massachusetts Civil Rights Act

■ Plaintiff also moves for summary judgment as to the issue of liability on Count II of the complaint, which alleges that Ryder, through the use of excessive force, violated Ypina's rights under M.G.L. c. 12, § 11I, the Massachusetts Civil Rights Act ("MCRA"). Section 11I provides:

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with ... as described in section 11H, may institute ... a civil action....

---

2.  In *Johnson,* a case decided under the Fourth Amendment reasonableness standard, the Fifth Circuit held that, to prevail on a Constitutional excessive force claim, a plaintiff must prove "a significant injury[.]" 876 F.2d at 480. At least one panel of the Fifth Circuit has since stated that *Johnson's* significant injury requirement has been overturned by the Supreme Court's decision in *Hudson v. McMillian,* 503 U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). *See Knight v. Caldwell,* 970 F.2d 1430, 1432 (5th Cir.1992). In *Hudson,* the Supreme Court held that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." 503 U.S. ——, 112 S.Ct. 995.

3.  Although *Lester* was decided prior to the Supreme Court's decision in *Graham,* 490 U.S 386, 109 S.Ct. 1865, the Seventh Circuit anticipated the High Court's analysis, and analyzed plaintiff's claim of excessive force during arrest under the Fourth Amendment's reasonableness standard. *Lester,* 830 F.2d at 712.

4.  *Gray* involved a claim of use of excessive force during a custodial interrogation. Analyzing that claim under the Fifth and Fourteenth Amendments, the Fourth Circuit stated that the " 'extent of injury' ... factor only comes into play when the nature of the force must be weighed against the proffered justification for its application." *Id.* at 93.

Section 11H requires that the interference with rights be "by threats, intimidation or coercion."

The Supreme Judicial Court of Massachusetts ("S.J.C.") has held that "the Legislature intended to provide a remedy under G.L. c. 12, § 11I, coextensive with 42 U.S.C. § 1983 ... except that the Federal statute requires State action whereas its State Counterpart does not." *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 473 N.E.2d 1128, 1131 (1985). More recent S.J.C. decisions, however, seem to undercut such a broad interpretation of the MCRA. In *Longval v. Commissioner of Correction*, 404 Mass. 325, 535 N.E.2d 588 (1989), the S.J.C. stated:

> A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act.... If the officials had some further purpose in treating Longval as they did, threats, intimidation, or coercion might be involved. Conduct, even unlawful conduct, however, lacks these qualities when all it does is take someone's rights away directly.

535 N.E.2d at 593.

Section 1983 contains no similar requirement of a showing of threats, intimidation, or coercion. Consequently, this Court has held that "stating a claim under § 1983 does not automatically mean that plaintiff has also stated a claim under § 11I." *Andujar v. City of Boston*, 760 F.Supp. 238, 242 (D.Mass.1991).

It is for a jury, not the Court, to determine whether Ryder used threats, intimidation or coercion to deprive Ypina of his rights.

### ORDER

For the foregoing reasons, as to plaintiff's Motion for Partial Summary Judgment (the "Motion") on Counts I, II and IV, it is hereby ORDERED:

1. With respect to liability under Count I (the 42 U.S.C. § 1983 claim), the Motion is ALLOWED.

2. With respect to liability under Count II (the M.G.L. c. 12, § 11I claim), the Motion is DENIED.

3. With respect to liability under Count IV (the Assault and Battery claim), the Motion is ALLOWED.