Welch, J.
The plaintiff brought this case claiming that the defendant, a neighbor, interfered with the plaintiffs right-of-way. She also appended a count alleging that the defendant had violated the Massachusetts Civil Rights Act. The present summary judg *724 ment motion presents a difficult issue concerning the scope of the Massachusetts Civil Rights Act.
Superior Court Justice Elizabeth Bowen Donovan conducted a trial on Counts I and II of the Complaint in this case and, on August 19, 1994, ruled that “there is no evidence that [the defendant] Hartley materially interfered with [plaintiff] Vania’s use of the right-of-way.” The Court, therefore, entered judgment in favor of the defendant Hartley on Counts I and II of this case. Count III, alleging a violation of the Massachusetts Civil Rights Act, G.L.c. 12, §§11H, I, was not decided by Justice Donovan.
The defendant now moves for summary judgment on this lingering claim. The plaintiff vigorously opposes the motion.
The Massachusetts Civil Rights Act is broadly worded but is not limitless. It prohibits any person from interfering “by threats and intimidation or coercion” or attempting to interfere by threats, intimidation or coercion with another’s rights secured by the constitution or laws of the United States or the Commonwealth of Massachusetts. What the plaintiff alleges in her complaint is that the defendant utilized threats, intimidation or coercion to interfere with her property interests, namely a right-of-way that leads to a common parking area. The plaintiffs affidavit sets forth in some detail various statements and actions of the defendant which appear to fall within the definition of “threats, intimidation or coercion.”[1] See Planned Parenthood v. Blake, 417 Mass. 467, 473-76 (1994); Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23 (1985). At least it is a disputed issue of fact whether the defendant engaged in threats or intimidation that would have intimidated a reasonable person. What is at issue in this motion, however, is whether the plaintiff has identified a right secured by either the federal or state constitution or statutes and, if so, whether the plaintiff must actually be deprived of such a right in order to state a cause of action. See Therrien v. Hamilton, 849 F.Supp. 110, 115 (1994).
The plaintiff claims that she has a property right which is secured by both the federal and state constitutions. A right-of-way, which the plaintiff plainly does possess, is obviously a property interest. That, however, does not in the inquiry. One has a constitutional right to enjoy their property without it being taken from them without due process of law. It is not enough for someone simply to claim a property interest. Instead, in order to state a cause of action under the Massachusetts Civil Rights Act (or its close cousin 42 U.S.C, §1983), one must also establish that this property right has been deprived without due process of law. See Parratt v. Taylor, 451 U.S. 527 (1981)(unpre-dictable loss of property raises no constitutional issue when post deprivation remedy available); Zinermon v. Burch, 494 U.S. 113 (1990)(limiting Parratt to procedural due process cases not involving Bill of Rights guarantees).[2]
One matter that is established as a matter of law of the case is that the defendant Hartley did not actually deprive plaintiff Vania of her property right in the right-of-way. This is Justice Donovan’s holding having decided Counts I and II of this case. The plaintiff, however, argues that the Massachusetts Civil Rights Act also prohibits anyone from attempting to interfere with one’s constitutional rights. Thus, the plaintiff argues, she states a cause of action even though she has not been deprived of any properly interest because she has set forth sufficient facts to show that the defendant attempted (albeit unsuccessfully) to interfere with her property interest by making threatening statements and intimidating gestures. The defendant responds with various federal court decisions which state that the Massachusetts Civil Rights Act (like §1983) require “an actual deprivation of constitutional rights.” Therrien v. Hamilton, 849 F.Supp. 110, 115 (D.Mass. 1994). See Elwod v. Pina, 815 F.2d 173, 177 (1st Cir. 1987) (plaintiff must show threats, intimidation or coercion that “led to a violation of a Federal or Commonwealth constitutional right or statutory provision”). Cf. Daniels v. Williams, 474 U.S. 327 (“in any given §1983 suit, the plaintiff must still prove a violation of the underlying constitutional right”).
Despite the impressive authorities cited by the defendant, his argument goes too far. It is true that one must establish a actual deprivation of a constitutional or statutory right to have a cause of action under §1983. Daniels v. Williams, 474 U.S. 327 (1986). It is also true that the Massachusetts Civil Rights statute is considered to be co-extensive with §1983. Batchelder v. Allied Stores Corp., 393 Mass. 819, 823 (1985). One area, however, where the statutes are not co-extensive is in the additional language contained in the Massachusetts Civil Rights statute which also prohibits any “attempt to interfere” with a constitutional or statutory right. This attempt language does not appear in the federal §1983 statute. Instead, §1983 only speaks to someone who subjects or causes to subject another to a deprivation of federal constitutional or statutory rights. Thus, the rather clear wording of the Massachusetts Civil Rights statute casts a wider net than §1983. See Planned Parenthood v. Operation Reserve, Superior Court No. 89-2487 (Oct. 17, 1991) (Lauriet, J.). But see, Therrien v. Hamilton, 849 F.Supp. at 115.
This analysis, however, still does not save the plaintiff. This is because the particular constitutional right asserted by the plaintiff requires that the plaintiff show that the defendant either actually deprived the plaintiff of her property without due process of law or attempted to deprive the plaintiff of her property interest without due process of law. The plaintiff must do more then simply allege that the defendant harassed her while she was using her property. After all, no one could seriously maintain that a Massachusetts Civil Rights claim is made out when one citizen “interferes" with another citizen’s use of their automobile *725 (i.e. property) by screaming or gesturing in a hostile manner toward the driver of that automobile. Instead, the plaintiff must make some showing that the defendant attempted to deprive her of her properly by some illegal interference (or attempted interference) with the due process of law.[3] This the plaintiff has not done. Here the plaintiff received all the process due at the earlier trial on Counts I and II. There is no allegation that the defendant attempted to subvert or interfere with that judicial proceeding, or any other legal process. Therefore, the motion for summary judgment must be granted.

 Various of the threats were made well within three years of the initiation of suit. Thus, the defendant’s statute of limitations argument is without merit.

 In the context of a Section 1983 suit, it is normally the state which affords (or fails to afford) due process. The MCRA, of course, does not require any action taken under the color of state law. Hence, there is an imperfect fit between the MCRA and a procedural due process claim.

 Note that attempted violations of various specific constitutional guarantees (e.g. those secured by the Bill of Rights) would not be subjected to this “due process” analysis. For example, a threat to one’s free speech or right to an abortion may constitute an attempt to violate a constitutional right without more (and, thus, might state a cause of action), even assuming the individual still exercised that free speech or abortion right. The very general right asserted here (i.e. the right to enjoy one’s property), however, is limited by the due process clause. What this may translate into, in the vast maj ority of instances, is that plaintiff may need to show actual deprivation of due process or an attempt to subvert that due process.