**Philip ORTEGA, Plaintiff,**

v.

**CITY OF KANSAS CITY, KANSAS, a
Municipal Corporation, et al.,
Defendants.**

Civ. A. No. 85–2054.

United States District Court,
D. Kansas.

Oct. 31, 1989.

Richard T. Merker, Thomas D. Billam, Wallace, Saunders, Austin, Brown & Enochs, Chtd., Overland Park, Kan., for plaintiff.

Maurice J. Ryan, Asst. City Atty., Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion for attorney fees incurred as a result of his 42 U.S.C. § 1983 action against the City of Kansas City, Kansas, (City) and various other defendants. Plaintiff sought damages against the City and multiple law enforcement officials for alleged violations of his civil rights occurring as the result of his erroneous arrest in a sting operation entitled "Operation Express." [1]

Trial was held to a jury on December 17–22, 1986. At the close of plaintiff's evidence, the court directed a verdict in favor of defendants on all claims except plaintiff's claim under 42 U.S.C. § 1983 for a violation of his constitutional right to extradition. The jury returned a verdict on this claim in favor of plaintiff against the City and three of the individual officials and awarded compensatory damages. Subsequently, this court denied defendants' Motion for Judgment Notwithstanding the Verdict, New Trial and/or Remittitur, and granted plaintiff's motion for attorney fees in the amount of $29,426.40. *Ortega v. City of Kansas City, Kansas*, 659 F.Supp. 1201 (D.Kan.1987). This decision was subsequently reversed in *Ortega v. City of Kansas City, Kansas*, 875 F.2d 1497 (10th Cir.1989), where the Tenth Circuit held that a suspect charged with a crime on a facially valid warrant has no constitutional right to extradition prior to arrest which would give rise to a cause of action under 42 U.S.C. § 1983. *Id.*, 875 F.2d at 1501.

Despite the reversal of his case by the Tenth Circuit, plaintiff now contends that he is nevertheless entitled to attorney's

---

**1.** "Operation Express" was initiated by the City and its officials to facilitate the arrest of a large number of suspects on outstanding warrants. The police department mailed notices to the suspects telling each of them to claim a package in Kansas City, Kansas. One of these notices was mistakenly mailed to plaintiff, a sixty-five-

year-old-white male residing in Kansas City, Missouri. When plaintiff crossed the Missouri–Kansas state line, he was arrested, booked and released on bond. Subsequently, it was determined that plaintiff was the wrong suspect, since the warrant in question was for a thirty-five-year-old-black male named Philip Ortega.

fees incurred in obtaining an Order of Expungement of his criminal record.[2] He argues that pursuant to 42 U.S.C. § 1988, he occupies the status of a "prevailing party" in the litigation, citing *Texas State Teachers Ass'n v. Garland Independent School District,* — U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). We disagree with plaintiff's application of *Texas State Teacher's Ass'n* to his case and, for the following reasons, deny his motion for attorney's fees.

In *Texas State Teachers Ass'n v. Garland Independent School District, supra,* plaintiffs brought suit under 42 U.S.C. § 1983 against a Texas school district and various other defendants alleging that the district's policy of prohibiting communications by or with teachers during the school day concerning employee organizations violated the plaintiff's rights under the first and fourteenth amendments. After the district court rejected all but one of plaintiffs' claims, the Court of Appeals for the Fifth Circuit reversed in part, finding that plaintiffs' first amendment rights had been violated by certain activities of the school board which chilled the teachers' union activities.

Subsequently, the lower courts denied the teachers' request for an award of attorney fees pursuant to 42 U.S.C. § 1988 finding that these plaintiffs had not achieved success on the "central issue" of the litigation. The Supreme Court reversed, rejected the "central issue" test, and held that the threshold to a fee award is crossed by a plaintiff who has succeeded on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *Texas State Teachers Ass'n v. Garland, supra,* — U.S. at ——, 109 S.Ct. at 1493, 103 L.Ed.2d at 877.

The Court then reasoned that since the Texas plaintiffs had obtained a judgment vindicating their first amendment rights and materially altering the school district's policy limiting these rights, they had succeeded on a significant issue in litigation, thereby serving the "private attorney general" role which Congress "meant to promote in enacting the Civil Rights Attorney's Fees Awards Act of 1976." *Id.*

In the instant case, Ortega clearly has not achieved prevailing party status equal to that achieved by the Texas plaintiffs. First, as a result of the Tenth Circuit's reversal of plaintiff's claim pursuant to 42 U.S.C. § 1983 for a violation of his right to extradition, all of Ortega's original constitutional claims have failed except Count VIII, which sought the expungement of his criminal record. Although Ortega framed Count VIII in constitutional terms by incorporating in it his prior claims, we are not convinced that there exists a constitutional right to expungement. Therefore, it is doubtful that Ortega's success in having his record expunged was achieved in "any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986" as is required by 42 U.S.C. § 1988. Second, we note that defendants stipulated to Count VIII prior to trial, so that Ortega was not required to fully litigate this claim.

We agree that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n v. Garland Independent School District, supra,* — U.S. ——, 109 S.Ct. at 1494, 103 L.Ed.2d at 878. Under the facts and circumstances presented by the instant case, we find that since plaintiff's success in having his criminal record expunged has not materially altered the legal relationship between the parties in constitutional terms, this limited success has not been significant enough to endow him with prevailing party status as is required under 42 U.S.C. § 1988. Accordingly, we deny plaintiff's motion for attorney fees.

---

**2.** Plaintiff maintains that his expungement claim was "so interrelated with all his other claims" that he is entitled to an award of the total amount of attorney fees incurred in the litigation.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees is denied.