**Delcio RIVERA–ROSARIO,
Plaintiff, Appellant,**

v.

**U.S. DEPARTMENT OF AGRICUL-
TURE, Defendant, Appellee.**

**No. 99–1553.**

United States Court of Appeals,
First Circuit.

Heard Dec. 29, 1999.

Decided Jan. 24, 2000.

Demetrio Fernández and Melva A. Quintana on brief for appellant.

Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del Río, Assistant U.S. Attorney, on brief for appellee.

Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.

LYNCH, Circuit Judge.

This is an appeal from a denial of an award of attorney's fees under 42 U.S.C. § 1988. The district court refused to award fees to plaintiff, who opted out of a settlement, continued litigation, and then received damages calculated according to the same formula used in the earlier settlement. The history of the case is set forth in *Rivera–Rosario v. U.S. Department of Agriculture,* 151 F.3d 34 (1st Cir.1998).

In 1986, eight individuals including Rivera–Rosario (Rivera) brought an employment discrimination action against the U.S. Department of Agriculture (USDA) and the Secretary of Agriculture for national origin discrimination in the payment of benefits. *Ayala v. U.S. Dep't of Agric.,* Civil No. 86–1825CC (D.P.R.). In 1988, the USDA adopted an administrative law judge's finding that it had discriminated. On May 6, 1991, a Stipulation for Consent Judgment was entered between the USDA and the seven plaintiffs other than Rivera. Under that settlement: (a) each of the seven plaintiffs would receive $10,000 for the period 1982–1988 (and three of the plaintiffs would receive interest); (b) the caps for accrued home leave benefits and annual leave would remain as they were; (c) the remedy for future home leave would be prospective; and (d) defendants would pay $31,433.52 in fees for counsel for the seven (who had also been counsel for Rivera). Rivera chose not to participate in the settlement.

In August 1992, Rivera executed a stipulation of dismissal, dismissing his own case without prejudice. *See id.* at 36. He brought a new action pro se in April 1993 to recover for the same national origin discrimination. *See id.* Counsel entered an appearance for Rivera in September 1993.[1] The district court determined that damages would be calculated according to the procedure set out in its order in the *Ayala* case. Based on those principles, the court awarded Rivera $21,448.50, which included principal and interest to May 6, 1991, the date of the earlier settlement. The district judge rejected Rivera's argument that the two year back-pay period of Title VII, 42 U.S.C. § 2000e–5(g)(1), did not apply. If he were freed of that constraint, Rivera said, he would then be owed $113,864.60. This court then deemed his back pay argument waived because it was not briefed, and affirmed the district

court's order. *See Rivera–Rosario,* 151 F.3d at 36–38.

Having been awarded the $21,448.50, Rivera then sought attorney's fees in the amount of $38,150 for the action brought in 1993. The fees were denied. The district court found the $21,448.50 awarded was what Rivera would have received had he accepted the 1991 settlement; accordingly, he was not a prevailing party. Further, the court found that the litigation was frivolous, but it did not award fees against Rivera, as it might have.

In order to obtain attorney's fees under 42 U.S.C. § 1988, plaintiff must be a prevailing party. *See* 42 U.S.C. § 1988(b). On appeal, Rivera claims that he did prevail: he received $21,448.50 and not $10,000, and he received an enforceable judgment. He also says he received a prospective benefit not available before. In light of this, Rivera argues the district court committed error of law in refusing to award him any attorney's fees. Rivera argues that the district court, under *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), could consider the degree of success in determining the size of the fee but not as to the eligibility for a fee award at all. Fees must be awarded unless there are special circumstances rendering an award unjust, Rivera says, and that may only be done on findings of fact and conclusions of law.

The USDA says Rivera is not a prevailing party because there is no causal relationship between his post–1991 pursuit of his suit and the amount he obtained. The USDA points to the fact that Rivera's $21,448.50 total award was calculated by applying to his claim the same principles used to calculate the awards of the seven plaintiffs who settled in 1991.

Questions of law regarding the award of attorney's fees are reviewed de

---

1. Counsel in Rivera's 1993 action was different from counsel for plaintiffs in the *Ayala* action.

novo; otherwise, the decision on the award is reviewed with deference and will be reversed only for an abuse of discretion. *See Schneider v. Colegio de Abogados de Puerto Rico,* 187 F.3d 30, 32 (1st Cir.1999) (per curiam); *see also Bercovitch v. Baldwin Sch., Inc.,* 191 F.3d 8, 9–10 (1st Cir. 1999). We agree with the district judge that Rivera was not a prevailing party in the 1993 action. First, it is evident that the purpose of that action was to pursue Rivera's claim that he was entitled to $113,864.60. He lost as to that, and so was hardly a prevailing party. Rivera's effort to recoup by claiming that the 1994 award of $21,488.50 nonetheless means he was a prevailing party is also unsuccessful. Rivera contrasts his award with the $10,000 he says was offered to the *Ayala* plaintiffs in the 1991 settlement. But the $21,488.50 is no more than $10,000 plus interest calculated as of the date of the 1991 settlement, and three of the seven plaintiffs who settled in 1991 similarly received interest on their $10,000 principal amounts. Rivera fails to show that he received anything more than what was available to him in 1991, so the outcome of the 1993 action cannot be deemed successful. Furthermore, the fact that Rivera obtained an enforceable judgment as opposed to a settlement agreement does not make him a prevailing party. Settlement agreements are enforceable in contract. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Finally, Rivera's argument that he received an additional enforceable benefit is belied by the record. The only judgment he received was for the sum of money described.

Rivera also suggests that the administrative law judge's finding that the USDA discriminated reinforces his claim that he is a prevailing party. This "catalyst" argument, however, is similarly unavailing. The reality is that it was the *Ayala* lawsuit, settled in 1991, which served as a catalyst for the finding of discrimination, and not his later suit. To use the language of the *Farrar* opinion, it was the

*Ayala* suit that "modifie[d] the defendant's behavior for the plaintiff's benefit." *Farrar,* 506 U.S. at 113, 113 S.Ct. 566. Defendants have already paid the counsel fees for the prevailing plaintiffs in *Ayala.* No benefit beyond that available in 1991 was gained in this lawsuit. This case provides no occasion to explore any contours of the catalyst theory post-*Farrar.* *See Williams v. Hanover Hous. Auth.,* 113 F.3d 1294, 1299–1300 (1st Cir.1997) (finding plaintiff qualified as prevailing party under catalyst theory); *see also Stanton v. Southern Berkshire Reg'l Sch. Dist.,* 197 F.3d 574, 576–577 & n. 2 (1st Cir.1999) (noting that the circuits are divided on the continuing viability of the catalyst theory). *See generally* 2 Sheldon H. Nahmod, *Civil Rights and Civil Liberties Litigation: The Law of Section 1983* § 10:10 (4th ed.1999). Finally, because Rivera is not a "prevailing party," we do not address his arguments about the "special circumstances" test. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

The judgment of the district court is *affirmed.* Costs to appellees.