**Dana RICHARDSON, Plaintiff,**

**v.**

**CITY OF BOSTON,[1] Defendant.**

**Civil Action No. 00–10382–WGY.**

United States District Court,
D. Massachusetts.

Jan. 22, 2001.

1. The other three defendants named in the complaint, police officers Brian Miller and Steven Blair, and the Boston Police Department, have never been served. Thus, only the City of Boston is an active defendant in this case. *See* Def.'s Opp'n to Pl.'s Mot. to Dismiss at 2 n.1.

Andrew M. Fischer, Jason & Fischer, Boston, MA, for Dana Richardson.

Kevin S. McDermott, Merita A. Hopkins, City of Boston Law Department, Boston City Hall, Boston, MA, for Brian Miller, Steven Blair, Boston Police Dept., City of Boston.

### MEMORANDUM AND ORDER

YOUNG, Chief Judge.

The plaintiff, Dana Richardson ("Richardson"), brings this civil rights action under 42 U.S.C. § 1983 against the defendant, the City of Boston, alleging that his constitutional rights were violated when police officer Brian Miller ("Officer Miller") unlawfully searched and seized his personal belongings. The allegedly unlawful search and seizure took place during an investigative stop of a car in which Richardson was a passenger. In his complaint, Richardson requested the return of the seized items and an injunction prohibiting the Boston Police Department from using the items in a then pending criminal investigation against Richardson. After some of the items were returned, Richardson filed a motion voluntarily to dismiss this case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and a second motion for an award of attorney's fees as the prevailing party under 42 U.S.C. § 1988 and Mass. Gen. Laws ch. 12, § 11I.[2]

This Court has already dismissed this case with prejudice. The only issue remaining is whether Richardson should be deemed a prevailing party under 42 U.S.C. § 1988 and Mass. Gen. Laws ch. 12, § 11I, and hence awarded attorney's fees and other litigation expenses.

---

2. Mass. Gen. Laws ch. 12, § 11I states that: Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.
Mass. Gen. Laws ch. 12, § 11I.
It further authorizes the award of "the costs of the litigation and reasonable attorneys' fees" to prevailing plaintiffs. *Id.*

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of addressing the attorney's fee issue, the following facts may be taken as true:

On or about January 25, 2000, in the early afternoon, Richardson was a passenger in the front seat of a car driven by Angela Howell ("Howell"). Compl. ¶ 5. In the back seat of the car was a second passenger, who was later arrested by the police as a fugitive with an outstanding warrant. *Id.* ¶¶ 5, 7. Officer Miller stopped the car and requested an identification from Howell. Howell was unable to produce a valid driver's license. Defs.' Opp'n to Pl.'s Mot. to Dismiss at 3. Instead, she was in possession of a State of Michigan photo identification for one Donald Beane. *Id.* Ex. C. The photo on this identification turned out to be Richardson's. *Id.* at 3. Howell was later arrested on an outstanding warrant for failure to appear for jury duty and for her failure to produce a valid driver's license.

After Officer Miller noticed the resemblance between Richardson and the picture on Howell's photo identification, he asked Richardson to state his name. *Id.* Richardson answered that he was Dana Richardson. *Id.* Richardson's answer aroused Officer Miller's suspicion. Officer Miller then requested an identification from Richardson. In Richardson's wallet, Officer Miller found a number of credit cards and a photo identification, all under the name of Donald Beane. *Id.* At that time, Richardson was carrying some personal papers and files, including his mother's death certificate and some mortgage papers. Officer Miller seized these papers and files together with the credit cards and photo identification.

After repeated refusals from the Boston Police Department to return the seized items, Richardson filed this lawsuit to recover them and to enjoin the Boston Police Department from using them in its criminal investigation against him. On March 9, 2000, Richardson filed a motion for a temporary restraining order. At the motion hearing, the parties agreed that the City of Boston would return to Richardson the originals of the mortgage papers and copies of the credit cards and other seized documents. T.R.O. Hr'g Tr. at 5–8. This Court then denied the motion for a temporary restraining order as moot. *Id.* at 8.

Despite the agreement made at the motion hearing, Richardson had to negotiate, piece by piece, for the return of the seized items, including his own credit cards and identification. Pl.'s Mot. to Dismiss at 2. The credit cards and identification under the name of Donald Beane, which pertained to the criminal investigation, were withheld by the police.

Richardson was arrested on April 18, 2000, and charged with four counts of credit card fraud. *Id.* at 2 n. 2. The case was later dropped because there was insufficient evidence to support the charges. *Id.*

Not all of the seized items have been returned to Richardson. The credit cards and identification related to the fraud charges are still retained by the police. Most of the returned personal papers are copies of the originals. Only the mortgage papers, Richardson's mother's death certificate, and a few other items were returned.

After reclaiming these personal belongings, Richardson made repeated offers to dismiss this case. The City of Boston turned down these offers because Richardson was willing to dismiss the case only without prejudice and without releasing the defendants from liability. Defs.' Opp'n to Pl.'s Mot. to Dismiss at 3. The City of Boston would accept dismissal only if it received what it considered appropriate

releases relieving it from any costs associated with this litigation. *Id.* After the negotiations had failed, Richardson filed both a motion to dismiss pursuant to Rule 41(a)(2) and the present motion for attorney's fees and litigation expenses.

## II. DISCUSSION

### A. The Federal Civil Rights Claim—42 U.S.C. § 1983

The Supreme Court has ruled that a litigant can obtain attorney's fees under § 1988 if he is adjudged the prevailing party in the lawsuit. *Hewitt v. Helms,* 482 U.S. 755, 759, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). A plaintiff obviously prevails if he wins the lawsuit and obtains final relief from the court. *See id.* at 760, 107 S.Ct. 2672; *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). In some circumstances, however, a plaintiff can be a prevailing party "without having obtained a favorable 'final judgment following a full trial on the merits.'" *Coalition for Basic Human Needs v. King,* 691 F.2d 597, 601 (1st Cir.1982) (quoting *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 [1980] ). In *Coalition for Basic Human Needs,* the First Circuit held that a plaintiff prevailed when the temporary injunctive relief granted in its favor compelled the state to resume Aid to Families with Dependent Children ("AFDC") payments while the state budget was being negotiated. *Id.* This, the court reasoned, amounted to a final decision that determined the substantive rights of the parties. *Id.; cf. Smith v. Thomas,* 687 F.2d 113, 115 (5th Cir.1982) (holding that temporary restraining order

that merely preserved the status quo did not render the plaintiff a prevailing party). Therefore, a plaintiff who obtains an interlocutory court order that passes on the merits of the parties' claims qualifies as a prevailing party.

■ Richardson cannot be considered a prevailing party under either of these approaches. This case has not proceeded to trial and this Court has not passed on any of Richardson's constitutional claims. He has neither won the lawsuit nor obtained any final relief from the Court. Furthermore, this Court has not issued any interlocutory order that determined the merits of the parties' claims. The Motion for Temporary Restraining Order was denied as moot. Richardson's Emergency Motion to Extend Deposition, although granted, merely preserved the status quo.[3] The latter motion is precisely the kind of interlocutory court order that the Fifth Circuit deemed insufficient to render the plaintiff a prevailing party. Here, the return of Richardson's personal belongings was achieved by an agreement between the parties and in no way represents the Court's adjudication of the parties' claims.

■ A plaintiff can also attain the prevailing party status under the so-called "catalyst doctrine." This doctrine requires a plaintiff to obtain "an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly

---

**3.** The parties had disagreements concerning the discovery process. The City of Boston alleged that Richardson intentionally delayed conducting discovery and obstructed the City of Boston from taking Richardson's deposition. On June 16, 2000, Richardson filed an Emergency Motion to Extend Time until 10 days after the Motion to Dismiss had been decided to file a response to the City of Boston's motions to order Richardson's attendance at deposition and to order Richardson's lawyer to conduct discovery. Richardson's motion was granted by this Court.

benefits the plaintiff." *Farrar*, 506 U.S. at 111–12, 113 S.Ct. 566 (citations omitted); *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) ("The fact that respondent prevailed through a settlement rather than through litigation does not weaken her claim to [attorney's] fees."). Moreover, under this doctrine, a plaintiff needs to prove that the alteration of the legal relationship, either by voluntary action on the defendant's part or judicial order, was caused by the lawsuit. *Hewitt*, 482 U.S. at 760–61, 107 S.Ct. 2672; *Smith*, 687 F.2d at 116.

There is disagreement among the circuits as to whether the Supreme Court overruled the catalyst doctrine in *Farrar*. The Fourth Circuit has argued that the language in *Farrar* requires a rejection of the catalyst doctrine. *S–1 & S–2 v. State Bd. of Educ.*, 21 F.3d 49, 51 (4th Cir.1994) (en banc). The Fifth Circuit has left the question open. *Foreman v. Dallas County*, 193 F.3d 314, 320 (5th Cir.1999): Meanwhile, most of the other Courts of Appeals have maintained that *Farrar* did not affect the catalyst doctrine. *See Morris v. West Palm Beach*, 194 F.3d 1203, 1207 (11th Cir.1999); *Marbley v. Bane*, 57 F.3d 224, 234 (2d Cir.1995); *Kilgour v. Pasadena*, 53 F.3d 1007, 1010 (9th Cir.1995); *Zinn v. Shalala*, 35 F.3d 273, 276 (7th Cir.1994); *Beard v. Teska*, 31 F.3d 942, 951–52 (10th Cir.1994); *Baumgartner v. Harrisburg Hous. Auth.*, 21 F.3d 541, 549–51 (3d Cir.1994); *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 17 F.3d 260, 262, 263 & n. 2 (8th Cir.1994). In *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S.

167, 194–95, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), the Supreme Court, while acknowledging the disagreement among the Courts of Appeals, refused to resolve the issue, stating that the case before it did not provide an appropriate occasion.

While the First Circuit has acknowledged the disagreement among the Courts of Appeals, *Stanton v. S. Berkshire Regional Sch. Dist.*, 197 F.3d 574, 577 n. 2 (1st Cir.1999), it continues to apply the catalyst doctrine, *Rivera–Rosario v. U.S. Dep't of Agric.*, 202 F.3d 35, 37 (1st Cir. 2000) (plaintiff not entitled to attorney's fees because his lawsuit was not "a catalyst for the finding of discrimination"); *Stanton*, 197 F.3d at 577–78; *Williams v. Hanover Hous. Auth.*, 113 F.3d 1294, 1299–1300 (1st Cir.1997).

■ Although the catalyst doctrine is good law within the First Circuit, it is, however, not applicable to Richardson. The doctrine requires that the plaintiff obtain an enforceable judgment or comparable relief through a consent decree or settlement. Here, there was no enforceable judgment because this Court did not issue any final order or grant any final relief. The return of Richardson's personal belongings was achieved through a negotiation between the parties in front of this Court. Moreover, the agreement between the parties was neither a consent decree nor a settlement. The parties did not settle the lawsuit because they never agreed on the disposition of the constitutional claims, the central issues and bases of the lawsuit.[4] In fact, the City of Boston

---

4. It is doubtful that the catalyst doctrine would have applied even if the parties had settled the lawsuit. In *Farrar,* the Supreme Court held that the doctrine requires a material alteration of the legal relationship between the parties. Although the Supreme Court did not explain what counts as a mate-

rial alteration, the return of seized items does not alter the legal relationship between Richardson and the City of Boston in a material sense. *Cf. Ortega v. Kansas City,* 723 F.Supp. 1426, 1427 (D.Kan.1989) ("[P]laintiff's success in having his criminal record expunged has not materially altered the legal relation-

still very much desires this lawsuit to continue so that it can put forward its defense. It would be far-fetched to argue that the parties settled a lawsuit when one party vigorously contested the other's motion to dismiss the case.

Richardson argues that he has achieved his objective simply by bringing this lawsuit and hence should be awarded attorney's fees.[5] Some of Richardson's personal belongings, however, are still retained by the police, and most of his personal papers were not returned in original.

The Supreme Court, of course, has held that a plaintiff does not have to prevail on every claim and obtain every relief to qualify as a prevailing party. In *Farrar*, the Supreme Court stated that to qualify as a prevailing party, the plaintiff at least needs to prevail on the merits of some claims. *See Farrar*, 506 U.S. at 111, 113 S.Ct. 566. In *Hewitt*, the Supreme Court held that a plaintiff is considered a prevailing party if he obtains "all or some of the relief he sought." *Hewitt*, 482 U.S. at 760, 107 S.Ct. 2672. In *Farrar*, however, not only did the district court rule in the plaintiffs' favor, but also it granted them damages, albeit nominal. *Farrar*, 506 U.S. at 107, 113 S.Ct. 566. In *Hewitt*, moreover, the circuit court at least stated that the plaintiffs' constitutional claim stated a claim for relief. *Hewitt*, 482 U.S. at 760, 107 S.Ct. 2672. In the instant case, this Court has not considered the merits of Richardson's constitutional claims, let alone ruled on those claims in his favor.

Richardson did reclaim some of his personal belongings, but in the totality of the circumstances, it is obvious that Richardson did not prevail in any plausible sense of the word. As Justice Scalia wrote in *Hewitt*, "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 [1980]).

Richardson's claim is thus reduced to an argument that *if* he had pressed forward he *would* inevitably have won and his decision to spare the Court and ultimately the public the attendant transaction costs ought not deprive him of reimbursement for the attorney's fees he incurred. Any alternative rule would, he argues, hinder amicable negotiation and require scorched earth litigation of every plausible civil rights claim in order to recover attorney's fees.

Hardly. It is Richardson, not his attorney, who here has standing to bring this suit and ultimately voluntarily to dismiss it. It is Richardson, not his attorney, who ultimately must bear the costs of this litigation if he does not prevail. *See* Mass. Rules of Prof'l Conduct R. 1.5 (1998). Thus, the specter of ravenous attorneys pursuing civil rights litigation for a fee where the costs are out of all proportion to the client's potential recovery is a chimera. Legal history does not bear it out and the argument is demeaning to the superb professionalism of the Massachusetts civil

---

ship between the parties in constitutional terms. . . .").

The catalyst doctrine usually is applied in cases in which the plaintiff's lawsuit brings about changes in the rules and regulations governing the legal relationship between the parties. *See, e.g., Rhodes v. Stewart*, 488 U.S. 1, 2–3, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988); *Church of Scientology Flag Serv., Org., Inc. v. City of Clearwater*, 2 F.3d 1509, 1513–14 (11th

Cir.1993); *Ross v. Horn*, 598 F.2d 1312, 1321–22 (3d Cir.1979).

**5.** In addition to the return of his personal belongings, Richardson also requested an injunction prohibiting the use of the seized items in the then pending criminal investigation against him. This request became moot because the District Attorney in charge of the investigation decided to terminate it.

rights bar. Since Richardson is properly and actually in control here, his right to attorney's fees must be judged by the posture of the case at the point he voluntarily dismissed it. As discussed above, upon the actual record (not some wishful hypothesis), he has no such right.

B. The State Civil Rights Claim— Mass. Gen. Laws ch. 12, § 11I

■ The meaning of "prevail" in Mass. Gen. Laws ch. 12, § 11I must have been intended to be the same as that in 42 U.S.C. § 1988 because the Massachusetts legislature "is presumed to have been aware of the use and meaning of this term in the Federal statute." *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 821–22, 473 N.E.2d 1128 (1985). The same inquiry will thus determine the prevailing party status under both statutes. Since this Court has held that Richardson is not a prevailing party under 42 U.S.C. § 1988, Richardson may not receive attorney's fees and litigation expenses under Mass. Gen. Laws ch. 12, § 11I.

## III. CONCLUSION

The plaintiff's Motion for Attorney's Fees and Expenses is DENIED. [docket no. 12] The plaintiff has not prevailed in this lawsuit and hence cannot be awarded attorney's fees as the prevailing party.