USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1794 STEPHEN PUSTELL AND LOIS PUSTELL, Plaintiffs, Appellants, v. LYNN PUBLIC SCHOOLS, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Michael P. Farris with whom Jordan W. Lorence was on brief for __________________ __________________ appellants. John C. Mihos for appellee. _____________ ____________________ March 24, 1994 ____________________ COFFIN, Senior Circuit Judge. Stephen and Lois Pustell _____________________ brought this action challenging the constitutionality of a Lynn School Committee requirement that conditions the approval of a homeschooling plan on consent to home visits by the superintendent or his representative. The district court upheld the constitutionality of the requirement, and the Pustells now appeal. Our review of the record and the caselaw persuades us that the district court should have abstained until issues of state law were resolved. We therefore vacate its judgment, and remand for proceedings in accordance with this opinion. I. Factual Background __________________ Plaintiffs Stephen and Lois Pustell are the parents of Geneva Marie Pustell, whom they are educating at home, in accordance with their religious beliefs. The Pustells live in the Lynn, Massachusetts school district. Massachusetts state law grants discretion to local school districts to determine the standards for home schooling. See Care & Protection of Charles, ___ ____________________________ 504 N.E.2d 592, 399 Mass. 324 (Mass. 1987). As a condition of approval of a home instruction plan, the Lynn Public Schools require, among other things, that parents give their signed consent to a home visit by the superintendent or his designee to "observe and evaluate the instructional process." In November, 1991, the Pustells met with Dr. Louis Perullo, the assistant superintendent of the Lynn Public Schools, to discuss their homeschooling plans. At that meeting, the Pustells objected to the school district's home visit requirement, and -2- offered an alternative consent form eliminating this requirement. Dr. Perullo rejected the substitution, and told the Pustells that the school district would not approve their home instruction plan absent their written consent to periodic home visits by school officials. The Pustells refused to offer this consent, and on November 21, 1991 the Lynn school committee voted not to allow the Pustells to educate their daughter at home. The Pustells then brought suit, claiming that the home visit policy violated their First Amendment right to the free exercise of their religion, their Fourth Amendment right to be free from unreasonable searches, their substantive due process right under the Fourteenth Amendment to oversee the education of their children, and various provisions of the Massachusetts constitution. They sought declaratory and injunctive relief. The district court granted summary judgment for the defendant school district, and this appeal followed. At oral argument, the panel questioned whether this case was justiciable and, if it were, whether it was appropriate for a federal court to decide the case at this juncture.1 Pointing to the district court's statement that it was "unclear whether the Pustells' child is currently being educated at home or in a traditional school setting" and that "no criminal or civil proceedings are currently pending against the Pustells based on  ____________________ 1The court may raise issues of jurisdiction and abstention sua sponte. Texas v. Florida, 306 U.S. 398, 405 (1939) ___ ______ _____ _______ (jurisdiction); Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) ________ _____ (abstention). -3- their refusal to submit to periodic home visits," we first expressed concern that this case was unripe, and that we were being asked for an advisory opinion. We then noted that several factors made abstention a compelling option. After argument, we allowed the parties to file supplemental briefs addressing the questions of justiciability and abstention. We now conclude that there is a justiciable "case or controversy," but that the circumstances of this case make it appropriate for application of the abstention doctrine enunciated in Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). ___________________ ___________ II. Justiciability ______________ The Pustells claim that the case is reviewable because their complaint alleged, and defendants admitted, that their daughter is being taught at home. Nothing in the record suggests the contrary.2 We therefore proceed on the assumption that the Pustells currently are homeschooling. This does not fully resolve our concerns, however. For us to assume jurisdiction, there must be an actual, ongoing controversy between the parties. See U.S. Const. art. III, 2, ___ cl. 1; Federal Declaratory Judgment Act, 28 U.S.C. 2201 (jurisdiction to award declaratory relief exists only in "a case of actual controversy"). Some indication that the controversy has a concrete impact on the parties is also necessary before a case is ripe for adjudication. Abbott Laboratories v. Gardner, ___________________ _______  ____________________ 2We note, in addition, that sworn affidavits from Lois and Stephen Pustell, dated March 11, 1992, declaring that they are homeschooling their daughter, are part of the appendix. -4- 387 U.S. 136, 148-49 (1967).3 If, for example, the record indicated that the town of Lynn never planned to take action against the Pustells, and had never taken enforcement action against other parents in a similar situation, we arguably would be put in the position of issuing an advisory opinion. Cf. Poe ___ ___ v. Ullman, 367 U.S. 497, 501-09 (1961) (finding a case unripe for ______ adjudication of constitutionality of state statutes where the lack of any evidence that, with the exception of one test case, the statutes had ever been enforced, even in the face of actions violating the statutes, demonstrated the state's policy of nullification of these laws). Although the issue is close, we are satisfied that the controversy between the parties here is sufficiently actual and concrete that jurisdiction is proper. The Pustells continue to teach their child at home, despite the school committee's refusal to approve their home instruction plan. By refusing to comply with the policy, while continuing to homeschool their daughter, the Pustells face possible sanctions. See Mass. Gen. Laws Ann. ___ ch. 76, 2 (West Supp. 1993) (empowering state to initiate  ____________________ 3In deciding whether a case is ripe for review, the court evaluates the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Lab., 387 U.S. at 149. The "fitness" inquiry asks whether ___________ the challenged action is final, and whether the issue presented is purely legal, rather than in need of more concrete factual development. Id. Under "hardship," the court considers whether ___ the impact of the challenged action "creates a `direct and immediate' dilemma for the parties, requiring them to choose between costly compliance and noncompliance, at the risk of punishment." W.R. Grace & Co. v. E.P.A., 959 F.2d 360, 364 (1st ________________ ______ Cir. 1992) (quoting Abbott Lab., 387 U.S. at 152).  ___________ -5- truancy proceedings against parents of children absent from school for seven full days); Mass. Gen. Laws Ann. ch. 119, 24 (West Supp. 1993) (empowering any person (including a town) to initiate civil proceedings on behalf of children without "necessary and proper physical or education care and discipline," in order to compel education for such children, and, if appropriate, to remove the children from the custody of their parents); see also Care & Protection of Charles, 504 N.E.2d 592 ___ ____ _____________________________ (Mass. 1987). The dispute between the parties is therefore concrete, and not hypothetical or abstract. No further factual development is necessary for us to resolve the question at issue, namely, whether the policy requiring home visits is constitutional. The issue is therefore "fit" for judicial resolution. See Abbott Lab., 387 U.S. at 149. ___ ___________ Finally, the town has, in fact, already acted against the Pustells by rejecting their home instruction plan and officially barring them from teaching their daughter at home. Regardless of the imminence of an enforcement action, the Pustells will continue to suffer the harm of substantial uncertainty if we put off resolving their constitutional claims. We believe they are entitled to know whether they may continue to school their child at home without risking sanctions. See Societe de ___ ____________ Conditionnement v. Hunter Engineering, 655 F.2d 938, 944 (9th _______________ ___________________ Cir. 1981) (actual threat of litigation not necessary for declaratory judgment action to be justiciable); Wellesley Hills _______________ Realty Trust v. Mobil Oil Corp., 747 F. Supp. 93, 102 (D. Mass. ____________ ________________ -6- 1990) (absence of enforcement action does not render controversy between parties remote and hypothetical).4 III. Abstention  __________ We recognize that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Cons. Dist. v. United States, 424 _________________________________ _____________ U.S. 800, 817 (1976); Villa Marina Yacht Sales v. Hatteras ___________________________ ________ Yachts, 915 F.2d 7, 12 (1st Cir. 1990). Nevertheless, certain ______ exceptional circumstances warrant abstention by a federal court from the exercise of its proper jurisdiction. See Colorado ___ ________ River, 424 U.S. at 813-17, 818-19 (detailing such circumstances). _____ Under Railroad Commission v. Pullman Co., 312 U.S. 496 (1941), ____________________ ____________ federal courts may abstain from deciding a case when a state court's resolution of unclear state law would obviate the need for a federal constitutional ruling. Because the federal court's decision in these circumstances "cannot escape being a forecast rather than a determination," abstention is justified to "avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." Id. at 499-500. In this ___ way, the Pullman abstention doctrine serves the dual aims of _______ avoiding advisory constitutional decisionmaking, as well as promoting the principles of comity and federalism by avoiding  ____________________ 4Our conclusion that the case is ripe does not mean, necessarily, that the timing is appropriate for injunctive relief. The decision to grant an injunction involves a number of additional factors. See, e.g., Planned Parenthood League of ___ ____ ______________________________ Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981) _____________ ________ (listing criteria necessary to warrant preliminary injunctive relief). -7- needless federal intervention into local affairs. See 17A ___ Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal _______ Practice and Procedure 4242 (1988).5 ______________________ In our view, the Massachusetts compulsory attendance law, Mass. Gen. Laws Ann. ch. 76, 1 (West 1982), affords a possible state law basis to vindicate the Pustells' claims. This law, which requires children to attend public or private school, exempts a child "who is being otherwise instructed in a manner approved in advance by the superintendent or the school committee." Id. A homeschooling program is an acceptable ___ alternative to public or private school attendance. Care & _______ Protection of Charles, 504 N.E.2d at 598. _____________________ Pursuant to this statutory authority, the Lynn School Committee has adopted regulations governing the approval of home school instruction within its district. As interpreted by the committee, these regulations include, inter alia, the home visit _____ ____ requirement at issue here.6  ____________________ 5The fact that the Pustells challenge the home visit policy on constitutional, not statutory, grounds does not, as they suggest, allow us to skirt consideration of the home visit policy on state law grounds. Plaintiffs cannot avoid abstention by excluding crucial state law issues from their pleadings. This practice would cede control of litigation to litigants, and interfere with our duty to avoid unnecessary friction with states in the regulation of their own affairs, see Pullman, 312 U.S at ___ _______ 500, as well as our duty to avoid unnecessary constitutional adjudication, see Ashwander v. Tennessee Valley Authority, 297 ___ _________ ___________________________ U.S. 288, 345-48 (1936) (Brandeis, J., concurring). 6Thus, the regulations themselves do not explicitly require home visits. The regulation that the school committee has interpreted to require home visits reads as follows: The [homeschooling] Plan must include a detailed description of the following: . . . -8- Under the regulations, the parents must sign a Letter of Agreement giving permission to the superintendent or his designee to "periodically observe and evaluate the instructional process and to verify that the Home Instruction provided is in accordance with the Home Instruction Plan as authorized by the Committee . . . ." The school committee has interpreted the observation and evaluation component to require a pre-arranged home visit once or twice a year for 40-45 minutes. The Massachusetts Supreme Judicial Court has held that "the approval of a home school proposal must not be conditioned on requirements that are not essential to the State interest in ensuring that `all the children shall be educated.'" Care & ______ Protection of Charles, 504 N.E.2d at 600. The court observed _____________________ that requiring periodic standardized testing, or periodic progress reports or dated work samples, in lieu of formal testing, would be acceptable ways to evaluate the educational progress of children being schooled at home. Id. at 601.  ___ Whether home visits may be required as part of this evaluation process is unsettled, however. In Care & Protection _________________ of Charles, the court stated that "[w]ith appropriate testing ___________  ____________________ A Statement of Agreement that the parent will allow the Superintendent (or designee, i.e., the Principal) to periodically: 1. assess the child's mastery of subject matter and skills in the same manner used by the school system. 2. observe and evaluate the instructional process and to verify that the Home Instruction Plan is being implemented as authorized by the Committee. -9- procedures or progress reports, there may be no need for periodic on-site visits or observations of the learning environment by school authority personnel," id. The court, however, immediately ___ added "But see Matter of Kilroy." In that case, a New York _________________ family court upheld a home visit requirement as necessary to evaluate home instruction to school age children. 467 N.Y.S.2d 318 (1983). These conflicting references suggest that the court deliberately left unresolved whether home visits could be required under Massachusetts law. It has yet to be determined, therefore, whether the Lynn School Committee's interpretation of the evaluation component of its regulations, which conditions approval of home instruction on home visits, is authorized by state law. If, as the Pustells argue, home visits "are not essential to the State interest in ensuring that `all the children shall be educated,'" then the school committee could not condition the approval of the Pustells' home school proposal on an agreement to home visits -- even to infrequent and pre-arranged home visits. Yet the Lynn School Committee's interpretation of the requirements of the Massachusetts compulsory education act is equally plausible, particularly given the reference to Matter of Kilroy in Care & ________________ ______ Protection of Charles. _____________________ A dispositive state court interpretation of this issue could eliminate entirely the need to address the constitutional issues. If the Pustells' interpretation of state law were accepted by the state court, the school district would have to allow an -10- alternative to home visits. This would spare us from rendering an advisory opinion on the constitutional issues. See Pullman, ___ _______ 312 U.S. at 499-501; see also Catlin v. Ambach, 820 F.2d 588, 591 ___ ____ ______ ______ (2d Cir. 1987). Our decision that abstention is appropriate here is affected by another consideration. Although federal courts are capable of resolving state law issues, educational policy is a matter of particularly local concern. See Care & Protection of Charles, ___ _____________________________ 504 N.E.2d at 598 (noting that the details of educational policy adopted by the Massachusetts state legislature historically have been left to the control of the people in each municipality). The question of what information local school officials need in order to evaluate whether homeschoolers are being educated adequately is best resolved by those closer to the issue than federal court judges. We therefore think it preferable to allow the Massachusetts courts to complete the analysis begun in Care & ______ Protection of Charles rather than to intervene. This would allow _____________________ for the development of an informative record about the efficacy of various assessment practices. Moreover, any decision by this court about whether Lynn's home visit policy is authorized by state law would be, at best, provisional, as the last word on the legality of Lynn's policy under Massachusetts law lies with the Massachusetts Supreme Judicial Court, and not with us. See ___ Pullman, 312 U.S. at 499-500. _______ We decline to create "needless friction" with state and local policies, id. at 500, by preempting the state court's ___ -11- adjudication of the Pustells' claims. Accordingly, the district court should abstain, but retain jurisdiction pending a decision by the Massachusetts state court on the proper interpretation of the compulsory education law. See American Trial Lawyers ___ ________________________ Association v. New Jersey Supreme Court, 409 U.S. 467, 469 ___________ __________________________ (1973).7 We therefore vacate the decision of the district court, and _________________________________________________________________ remand for proceedings in accordance with this opinion. Each _________________________________________________________________ party shall bear its own costs. _______________________________  ____________________ 7Despite our abstention, the Pustells are assured an adequate and fair opportunity to have their federal claims heard. See Gibson v. Berryhill, 411 U.S. 564 (1973). They may choose to ___ ______ _________ present all claims in state court; alternatively, they may reserve federal constitutional claims for adjudication in federal court. See England v. Louisiana State Board of Medical ___ _______ _____________________________________ Examiners, 375 U.S. 411, 421-22 (1964) (describing procedure for _________ reserving right to litigate federal claim in federal court). -12-