USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1981 CHUANG INVESTMENTS, Plaintiff and Defendant-in-Counterclaim-Appellant, v. EAGLE INNS, INC., d/b/a WORCESTER HOWARD INN HOTEL AND COLLEGE SQUARE APARTMENTS, Defendant, and MARRIOTT FAMILY RESTAURANTS, INC., Defendant and Plaintiff-in-Counterclaim-Appellee, v. Y.C. HOSPITALITY, INC., and YING C. CHUANG, Defendants-in-Counterclaim-Appellants.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Robert D. Cohan with whom James D. Gotz and Cohan & Rasnick were _______________ _____________ _______________ on briefs for appellants. John O. Mirick with whom Mirick, O'Connell, De Mallie & Lougee _______________ _______________________________________ was on brief for appellee. ____________________ April 9, 1996 ____________________ Per Curiam. In March 1993, Chuang Investments, Inc. ___________ filed suit in state court against Marriott Family Restaurants, Inc., alleging that Marriott had violated a lease agreement. Marriott removed the case to the district court and counterclaimed against Chuang Investments, Inc., Y.C. Hospitality, Inc., and Dr. Ying C. Chuang. It appears that Dr. Chuang controls Chuang Investments, Inc. and that Y.C. Hospitality, Inc. is now dissolved. Dr. Chuang then asserted his own claim against Marriott. In October 1993, the district court entered a discovery order requiring that discovery be completed by July 1994. Marriott filed deposition notices in February 1994 directed to Dr. Chuang and the Chuang companies, which Dr. Chuang ignored. In April 1994, Marriott filed interrogatories and document requests, which also went unanswered, and a motion to compel discovery based on the deposition notices. Dr. Chuang then wrote a letter dated April 17, 1994, to the court saying that he had suffered a gunshot wound and, on his doctor's advice, needed a year's postponement. The court immediately directed Dr. Chuang to file an affidavit from his doctor and scheduled a hearing. In the meantime, the attorneys for Dr. Chuang and his companies moved to withdraw because they had not been paid. Dr. Chuang did not submit the requested affidavit. -2- -2- At the June 1994 hearing the district court told Dr. Chuang that he would be given 14 days more to file the affidavit from his doctor that had been requested in April 1994 and, absent the affidavit, he had 30 days to get new counsel. The court specifically advised Dr. Chuang that he risked default if he did not secure counsel, since the corporations had to be represented by counsel and Dr. Chuang did not propose to represent himself.  Thereafter, in June 1994, Dr. Chuang filed letters--not affidavits--from two doctors saying, respectively, that he needed a month's postponement and six months' postponement. He did not obtain new counsel. In July 1994, Marriott moved to dismiss the claims against it and for defaults as to liability on its claims against Dr. Chuang and his companies. The grounds stated were the repeated failures of the Chuang parties to respond to discovery requests. Dr. Chuang and his companies opposed the motions; but for the next eight months they took no other action on the case. Finally, on May 12, 1995, the district court filed an eight-page memorandum and order describing the sequence of events and granting Marriott's motion. Thereafter, the Chuang parties, now with new counsel, sought reconsideration which was denied. A hearing was held, damages were fixed on the Marriott claims, and judgment was entered disposing of the case. The Chuang parties now appeal, raising as their -3- -3- sole issue whether the district court abused its discretion in granting Marriott's motion. On appeal, the Chuang parties argue that Dr. Chuang's gunshot wound--apparently a knee injury that was the subject of surgery in January 1994--prevented him from attending his deposition. They say that his delay in securing affidavits and new counsel and in responding to discovery was the result of mental and physical trauma, and some difficulty in speaking English. We are also told that the delays were not egregious and that Marriott was not prejudiced by the delay. We think it is clear that Dr. Chuang has not excused his failure to comply with the court orders or his discovery obligations (the Chuang brief does not seek to distinguish between his position and that of the two Chuang corporations). It may be that he had a medical excuse for not attending the depositions, cf. United States v. DeFrantz, ___ _____________ ________ 708 F.2d 310, 312 (7th Cir. 1983); but nothing in the later letters from the doctors--or two medical affidavits belatedly submitted on reconsideration--even begins to explain why he did nothing for almost 18 months. Nor is there anything to the claim of lack of prejudice. There may be no showing of special prejudice (e.g., a lost _______ ____ witness); but, in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements. As for Marriott, it has been left with -4- -4- litigation needlessly hanging over its head and has been forced to litigate about discovery compliance that should have been automatic or only briefly delayed. See Robson v. ___ ______ Hallenbeck, No. 95-1595, slip op. at 8-9 (1st Cir. Apr. 3, __________ 1996). It is true that default is a severe sanction but the facts already cited reveal a pattern of non-compliance and inattention by Dr. Chuang. See Damiani v. Rhode Island ___ _______ _____________ Hosp., 704 F.2d 12, 15-16 (1st Cir. 1983). For months, Dr. _____ Chuang failed to comply with the twice-issued direction that he provide an affidavit, and he failed either to secure counsel as directed or, if additional time was needed, to request and justify a postponement. Nor did Dr. Chuang make a serious effort to comply with the discovery demands outstanding against him for almost 18 months prior to default.  The district court showed considerable patience in this case. It provided a warning and a second chance, and it then waited for a substantial period. In ordering the dismissal and default, the court wrote a careful explanation of what had happened and why the court was entering its order. We think that the remedy was well within the discretion of the district court, Damiani, 704 F.2d at 13, and that nothing in _______ the submissions filed on reconsideration required it to alter its position.  -5- -5- Affirmed. _________ -6- -6-