Nelly **RIVERA VAZQUEZ,** Plaintiff,

v.

**ASOCIACION DE RESIDENTES DE UNIVERSITY GARDENS, INC; et al.,** Defendants.

**No. CIV. 01–2154(SEC).**

United States District Court, D. Puerto Rico.

Sept. 12, 2002.

Roberto O. Maldonado-Nieves, San Juan, PR, for Plaintiff.

Carlos M. Aquino-Ramos, Gloria Robinson-Guarch, Commonwealth Dept. of Justice, Fed. Litigation Div., San Juan, PR, Raul Barrer-Morales, San Juan, PR, Juan B. Soto-Balbas, Mercado & Soto, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendants' second motion to dismiss the complaint (**Docket # 26**), in which they argue, among other things, that this Court should abstain from resolving the issues in this case at this time. Plaintiff has failed to oppose said motion, even though it was filed over seven (7) months ago. Having reviewed Defendants' arguments, as well as the relevant case law, the Court is convinced that abstention is required in this case under the doctrine set out in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Therefore, Defendants' motion will be **GRANTED** and the case will be **administratively DISMISSED WITHOUT PREJUDICE** pending the resolution of the Commonwealth-law issues in the pending Commonwealth court proceedings.

### Factual Background

The above-captioned action consists of a request for declaratory and injunctive relief filed by Plaintiff, in which she challenges the constitutionality, either on their face or as applied, of Law No. 21 of May 20, 1987, 23 P.R.Laws Ann. §§ 64 *et seq.* (Access Control Law), and the Regulation for Control of Transit and Public Use of Local Streets (Reglamento de Control de Tránsito y Uso Público de Calles Locales), also called Planning Regulation No. 20. Said law and regulation dictate the procedures by which a residential community can establish and maintain an operation which permits the community to monitor the people who enter the area that comprises the community. Plaintiff also makes allegations under the applicable Commonwealth law and regulations, concerning the alleged failure of Defendants to follow the prescribed procedures for the establishment of said access controls.

Plaintiff bought a house in the University Gardens Residential Community (University Gardens), located at 908 Harvard Street, on June 13, 1995. Before Plaintiff bought the house, the Residents Association of University Gardens (Asociación de Residentes de University Gardens) (the Association) had already commenced the procedures to establish the access control for University Gardens. The Association finished the access control procedures, with the approval given by the Municipality of San Juan, on April 6, 1997, that is, after Plaintiff bought her house.

Essentially, Plaintiff alleges that her federal constitutional rights have been infringed because she was never advised, either by the person who sold her the house, or by the Association, that the house that she was buying would be subject to the access control that was later established at University Gardens, and because the access control unduly burdens her property and privacy rights. Plaintiff alleges the following violations of her constitutional rights: (1) the imposition of access controls violates her right not to be deprived of liberty (privacy) or property without due process of law, both in its substantive and procedural aspects; (2) the imposition of access controls constitutes a taking of her property; and (3) the imposition of access controls violates her right to the equal protection of the laws.

Defendants, on the other hand, argue that no such constitutional violations occurred, and that all the procedures established by law and regulations were adequately followed. Furthermore, Defendants point out that all the issues presented before this Court are also the

subject of two cases presently pending before the Puerto Rico of First Instance, San Juan Part. Therefore, they argue that, since unresolved Commonwealth-law issues are present in this case which could be resolved by the Commonwealth courts in a way which would moot the federal constitutional questions, the Court should abstain from resolving the issues at this time.

## Applicable Law and Analysis

"It is well established that abstention from the exercise of federal jurisdiction is the exception, not the rule ... However, among those cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute, the meaning of which is unclear under state law." *Ford Motor Co. v. Meredith Motor Co.*, 257 F.3d 67, 71 (1st Cir.2001) *citing Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Thus, "[f]ederal court abstention is required when state law is uncertain and a state court's clarification of state law might make a federal court's constitutional ruling unnecessary." Erwin Chemerinsky, *Federal Jurisdiction* § 12.2.1, at 737 (3d ed.1999) *citing Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

 *Pullman* abstention is justified by several concerns, including not only efficiency but also comity, and it arises when a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced the next day by a state adjudication. "The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." *Pullman*, 312 U.S. at 500, 61 S.Ct. 643. "[A]bstention also promotes the principles of comity and federalism by avoiding needless federal intervention into local affairs." *Ford Motor Co.*, 257 F.3d at 71 *citing Pustell v. Lynn Pub. Schs.*, 18 F.3d 50, 53 (1st Cir.1994). This last factor is particularly important in a case such as this one, which involves the interpretation of a Commonwealth law and regulations which embody the important public policy in favor of community crime prevention.[1]

When considering whether to abstain under the *Pullman* doctrine, the First Circuit has required that a court consider: "(1) whether there is substantial uncertainty over the meaning of the state law at issue; and (2) whether a state court's clarification of the law would obviate the need for a federal constitutional ruling." *Ford Motor Co.*, 257 F.3d at 71. In the case before us, Plaintiff has alleged, in addition to the constitutional violations, that Defendants did not properly follow the procedures established by Law No. 21 and Regulation No. 20.

Specifically, Plaintiff argues that Defendants Municipality of San Juan and the Administración de Reglamentos y Permisos (ARPE) illegally issued the construc-

---

1. Abstention might also be required in this case under the doctrine of *Burford* abstention. In *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) the Supreme Court held that abstention is required in some cases in order to avoid needless conflict with the administration by a state of its own affairs. Justice Brennan further explained in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 814–815, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), that *Burford* abstention "is also appropriate where there have ben presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar ... It is enough that exercise of federal review of the state question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

tion permits required for the access control project because the Association did not comply with the requirement of obtaining the written consent **under oath** of 75% of the residents. It is unclear, however, whether the Law and regulations actually require that such consent be given under oath. Plaintiff also argues that the Association failed to request several extensions of the construction permit from ARPE on time. Plaintiff believes that such extensions had to be requested at least thirty (30) days before the expiration of the permit. However, it is unclear whether such a technical failure would necessarily require the revocation of the permit and the paralyzation of the whole project under the applicable Commonwealth law.

Plaintiff also argues that the Association failed to request the corresponding extensions to the initial authorization from the Municipality of San Juan. Defendants argue that such requests are unnecessary once ARPE has issued a construction permit. Again, this issue of Commonwealth law remains unclear, and is subject to the Commonwealth courts' interpretation. Furthermore, all these issues involve factual disputes between the parties, and it is unclear how the Commonwealth law and regulations would apply to the specific facts of this case. Therefore, the first prong of the First Circuit test is met.

Now, were the Commonwealth courts to rule in favor of Plaintiff with respect to these issues, Plaintiff would win her case, without more. "A dispositive state court interpretation of [these] issue[s] could eliminate entirely the need to address the constitutional issues." *Pustell,* 18 F.3d at 53. The necessity of analyzing Plaintiff's constitutional claims depends entirely on whether the Puerto Rico law and regulations were in fact followed correctly by Defendants. Thus, if the Puerto Rico court makes an interpretation of the Puerto Rico law and regulations at controversy

which favors Plaintiff, there will be no federal constitutional issues for this Court to decide. The second prong of the test is, therefore, also met in this case.

One final and very important factor which also counsels in favor of abstention is the fact that there already are two actions pending in the Puerto Rico Court of First Instance which address the same issues raised by Plaintiff in this case: Civil Nos. KPE01–1270 and KAC01–5995. Plaintiff is also a party to these Commonwealth actions, and they arise from the same set of facts and legal claims. "Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, [the Supreme Court has] regularly ordered abstention." *Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 83, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). *See also Romany v. Colegio de Abogados de P.R.,* 742 F.2d 32, 42 (1st Cir.1984). Since in this case there are, not one, but two actions pending in the Commonwealth courts, abstention is required.

Finally, with regard to procedure, the Supreme Court has held that in the context of *Pullman* abstention, federal district courts may either stay the federal proceeding or dismiss the entire case without prejudice, while the parties litigate the state-law issues in state court. *See Harris County Commissioners Court v. Moore,* 420 U.S. 77, 88–89, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); *El Día, Inc. v. Hernandez Colón,* 963 F.2d 488, 496 n. 9 (1st Cir.1992). Although the Court would normally be inclined to stay the proceedings pending the outcome of the Commonwealth court proceedings, it is also true that, as noted by the United States Supreme Court, "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." *Link v.*

*Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Moreover, the First Circuit has noted that "in a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." *Chuang Investments v. Eagle Inns, Inc.*, 81 F.3d 13 (1st Cir.1996).

Since the resolution by the Commonwealth courts of the issues discussed above could entirely dispose of this case, it would be more efficient and convenient for all parties simply to dismiss this case without prejudice. This would be particularly appropriate in this case in which only equitable relief is sought by Plaintiff. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534–535 (1st Cir.1995); *El Dia Inc.*, 963 F.2d at 493–498. When Plaintiff presents her Commonwealth law claims to the Commonwealth courts, she is free to present her federal constitutional claims to them as well. *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411, 420–21, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). If she wishes to retain her right to return to federal court for adjudication of her federal claims, however, she must make the appropriate reservation in the Commonwealth court. *Id.* at 421, 84 S.Ct. 461. If Plaintiff in fact chooses to do so, this dismissal will not affect in any manner Plaintiff's pending federal claims against Defendants. Upon the conclusion of the Commonwealth court proceedings, Plaintiff may file a petition to reinstate the proceedings in this case. Plaintiff's petition for reinstatement shall not be deemed as a new filing. *Colon Prieto v. Geigel*, 115 D.P.R. 232, 1984 WL 270950 (1984). Rather, her petition will be effective *nunc pro tunc* to the date of the original filing.

### Conclusion

For all the reasons discussed above, Defendants' motion is **GRANTED** and the case will be **DISMISSED WITHOUT PREJUDICE,** subject to the conditions explained above.

**SO ORDERED.**