**DIRECT MARKETING CONCEPTS, INC., ITV Direct, Inc. and Donald Barrett, Plaintiffs**

v.

**The FEDERAL TRADE COMMISSION, Defendant.**

**Civil Action No. 05–11930–GAO.**

United States District Court, D. Massachusetts.

July 14, 2008.

Christopher F. Robertson, Peter S. Brooks, Susan W. Gelwick, Seyfarth Shaw, LLP, Boston, MA, for Plaintiffs.

Anita Johnson, United States Attorney's Office, Boston, MA, for Defendant.

## OPINION AND ORDER

O'TOOLE, District Judge.

The Federal Trade Commission ("FTC") is prosecuting an enforcement action against the current plaintiffs (and others) for allegedly deceptive advertising practices. *Fed. Trade Comm'n v. Direct Mktg. Concepts,* Civil Action No. 04–11136–GAO. In that case, a preliminary injunction was entered enjoining the defendants, among other things, from making claims that a nutritional supplement product marketed by them, Supreme Greens with MSM ("Supreme Greens"), was an effective treatment, cure or preventative for a variety of serious illnesses or conditions. Subsequently, the FTC moved to modify the preliminary injunction to have a receiver appointed over the present plaintiffs Direct Marketing Concepts, Inc. and ITV Direct, Inc. Part of the reason for the requested relief in that action were the FTC's allegations that the infomercials for other nutritional supplement products, marketed as "Sea Vegg" and "Flex Protex," were false and misleading, in part because there was no "competent and reliable scientific evidence" to support them (as to Sea Vegg) and because the advertisement violated the literal terms of the existing preliminary injunction issued in the earlier enforcement action (as to Flex

Protex). Although I denied the motion to amend the preliminary injunction, I noted that the infomercial for Flex Protex appeared to be in violation of the injunction because it made claims similar to those made for Supreme Greens.

This complaint was filed by the plaintiffs claiming that the FTC's efforts in relation to their Sea Vegg and Flex Protex advertisements are part of an ongoing campaign to suppress their legitimate commercial speech based on a vague and undefined "competent and reliable scientific evidence" standard. The plaintiffs claim that their right to due process under the Fifth Amendment to the United States Constitution and their right to speech under the First Amendment are being unlawfully infringed. They seek, among other relief, a preliminary and permanent injunction enjoining the FTC from prosecuting further enforcement actions until the "competent and reliable scientific evidence" standard is justified and clarified.

The FTC now moves to dismiss this action on the grounds that this Court lacks subject matter jurisdiction over the matter. The FTC views this action as related to the enforcement action and therefore an impermissible attempt to enjoin the ongoing enforcement action by raising issues involved in that action. For example, as noted above, I concluded that the Flex Protex infomercial appeared to violate the terms of the preliminary injunction in force.[1]

The plaintiffs also raised an affirmative defense based on their First Amendment rights in the prior case, and in fact argued that position in opposing the motion to modify the preliminary injunction as well as the FTC's motion for summary judgment.

The parties debate the scope of this action compared with the prior enforcement action, but either way that debate is resolved, the result is the same. If this action is related to the enforcement action, then it must be dismissed as an impermissible attempt to enjoin an ongoing enforcement action. If the two actions are not related, then this action must be dismissed for failure to present a ripe claim for judicial adjudication.

It is well-established that it is improper for a district court to entertain a request for injunctive relief that would have the effect of enjoining an ongoing enforcement action. *See, e.g., Ewing v. Mytinger & Casselberry, Inc.,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); *United States v. Alcon Labs.,* 636 F.2d 876, 881–82 (1st Cir.1981); *Pharmadyne Labs., Inc. v. Kennedy,* 596 F.2d 568, 570–71 (3d Cir.1979). Any challenges to the propriety of the agency action should be addressed in the enforcement action itself. Indeed, the issues raised by the plaintiffs here have been raised in the prior enforcement action. To the extent this case is about the FTC's attempt to enforce limitations regarding the Sea Vegg and Flex Protex infomercials arising from the preliminary injunction in the prior case, arguments regarding those matters must be raised in that action, not by a separate collateral attack.

Alternatively, if this action is to be understood as presenting issues regarding the Sea Vegg and Flex Protex infomercials that are wholly separate and distinct from the issues relating to Supreme Greens and other products that are the subject of the enforcement action, then this action must be dismissed as unripe for judicial resolution because the FTC has not taken any

---

1. The injunction required the present plaintiffs to have "competent and reliable evidence" supporting any claims made for prod-

ucts substantially similar to Supreme Greens. The appropriateness, or not, of that standard may be an issue in the prior case.

other enforcement action with respect to these two infomercials based on the alleged "competent and reliable scientific evidence" standard. In this respect, the current action is little more than an abstract disagreement with the FTC's reliance on the "competent and reliable scientific evidence" standard developed by prior precedent and the FTC's own guidance issued to advertisers regarding its application of that precedent.

██ The ripeness doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Even agency regulations are ordinarily not considered "ripe" for review "until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him." *Id.* at 808. Whether administrative action is ripe for judicial review requires an evaluation of "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Id.; see also Abbott Labs.*, 387 U.S. at 136, 87 S.Ct. 1507; *Toi-*

let *Goods Ass'n v. Gardner*, 387 U.S. 167, 87 S.Ct. 1530, 18 L.Ed.2d 704 (1967); *Pustell v. Lynn Pub. Sch.*, 18 F.3d 50, 52 (1st Cir.1994).

The FTC has not adopted any final rule or regulation establishing a "competent and reliable scientific evidence" standard to which advertisers must adhere. Rather, the "competent and reliable scientific evidence" standard is one which has been developed over many years by agency enforcement precedent and guidance from the FTC.[2] *See Thompson Med. Co., Inc. v. Fed. Trade Comm'n*, 791 F.2d 189 (D.C.Cir.1986); *Bristol–Myers Co. v. Fed. Trade Comm'n*, 738 F.2d 554 (2d Cir.1984); *Sterling Drug Inc. v. Fed. Trade Comm'n*, 741 F.2d 1146 (9th Cir.1984). Furthermore, the "competent and reliable evidence" standard is a "flexible standard" that calls for evaluation of a variety of factors suited to the particular case at hand, such as the type of product, the type of claim, the benefits of a truthful claim, the cost and feasibility of developing substantiation, the consequences of a false claim, and the amount of substantiation that experts in the field find reasonable. In other words, the standard is not a uniform, self-executing rule.

Thus, because of the many variations the "competent and reliable scientific evidence" could take in each individual case, analyzing the standard without reference to a specific dispute or controversy (such as an enforcement action) would be to engage in abstract debate over the FTC's enforcement policy. In fact, the plaintiffs' own argument supports this conclusion as they argue that the issue in this case is not about the application of the standard in

---

**2.** As the FTC points out, the Supreme Court has deemed acceptable the practice of giving content to a statutory standard by means of case-by-case adjudication, *see Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 203, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) and has not required agencies to promulgate formal rules that lay out in advance all the acts or practices that would violate the statutory standards.

particular factual settings but instead is about the standard being so vague that it fails to provide proper guidance to advertisers. In such a situation, the ripeness doctrine counsels deferring judicial resolution and review of the issue until there is a concrete dispute about the application of the standard. *See Nat'l Park,* 538 U.S. at 808–13, 123 S.Ct. 2026; *Toilet Goods Ass'n,* 387 U.S. at 162–64, 87 S.Ct. 1520 (holding that the Food and Drug Administration ("FDA") rule at issue was not fit for judicial review because the review would "depend not merely on an inquiry into statutory purpose, but concurrently on an understanding of what types of enforcement problems are encountered by the FDA, the need for various sorts of supervision in order to effectuate the goals of the Act, and the safeguards devised to protect legitimate trade secrets . . .").

The second consideration—hardship to the plaintiffs—also supports the conclusion that this case is not presently ripe. In this case, the significant "hardship" claimed by the plaintiffs is the inability to know for sure prior to issuing advertisements whether they will be subject to the FTC enforcement for not having "competent and reliable scientific evidence" for their claims. Such harm is distinguishable from the instances where the harm suffered by the plaintiffs affected their primary conduct and was felt immediately and substantially by those subject to it in conducting their day-to-day affairs. *See Abbott,* 387 U.S. at 152–53, 87 S.Ct. 1507 (discussing the impact of the regulations issued as "direct and immediate" where they purport to give clear cut authoritative interpretation of a statute that requires businesses to take immediate specific action by altering all of their labels on drug products or run the risk of serious criminal or civil penalties for misbranding); *Toilet Goods Ass'n,* 387 U.S. at 161–64, 87 S.Ct. 1520 (persons challenging regulation would be forced to expend substantial amount on new paper work, testing, and recordkeeping under new substantive rule or face possible serious penalties). Here, despite the fact that the plaintiffs may disagree with the FTC on what constitutes "competent reliable scientific evidence," there is no promulgated agency rule that immediately requires the plaintiffs to take any specific action. They are free to challenge the line of precedent the FTC relies upon in any enforcement action brought against them, but not in this abstract way. *See Nat'l Park,* 538 U.S. at 808–810, 123 S.Ct. 2026; *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 733–34, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998); *Toilet Goods,* 387 U.S. at 164–65, 87 S.Ct. 1520. The plaintiffs have not shown the type of hardship that the cases have required.

■ Finally, with respect to the plaintiffs' alternative request that this case be consolidated with the enforcement action, pursuant to the discretion afforded under Rule 42 of the Federal Rules of Civil Procedure, I decline to do so essentially for the reasons cited by the FTC. If the plaintiffs here wish to raise a challenge to the application of that standard, the proper context in which to do so is the enforcement action. They claim they already are doing that, but even if they are not, it is open for them to do so. Accordingly, the request to consolidate the cases is denied.

For the foregoing reasons, the FTC's motion to dismiss this action (dkt. no. 4) is GRANTED. Judgment shall enter accordingly.

It is SO ORDERED.